# Illinois Official Reports

## Appellate Court

---

### *TCF National Bank v. Richards*, 2016 IL App (1st) 152083

---

| | |
|---|---|
| Appellate Court Caption | TCF NATIONAL BANK, Plaintiff-Appellee, v. CHRISTINE RICHARDS, Defendant-Appellant. |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2083 |
| Rule 23 order filed | September 30, 2016 |
| Rule 23 order withdrawn | October 17, 2016 |
| Opinion filed | October 28, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 13-CH-27302; the Hon. Darryl B. Simko, and the Hon. Anna M. Loftus, Judges, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Christine Richards, of Chicago, appellant *pro se*.<br><br>Scott R. Chandler, Matteo A. Crawford, and Sandra L. Makowka, of David T. Cohen & Associates, Ltd., of Orland Park, for appellee. |

Panel                               JUSTICE REYES delivered the judgment of the court, with opinion.
Justice Hall concurred in the judgment and opinion.
Presiding Justice Gordon specially concurred, with opinion.

**OPINION**

¶ 1       In this mortgage foreclosure action, plaintiff, TCF National Bank, served process on defendant, Christine Richards, by publication. When the defendant did not appear or answer, the circuit court entered a default judgment and ordered a judicial sale of defendant's property. The day before the sale was to occur, defendant filed an emergency motion to stay the sale, which the circuit court granted. One week later, defendant filed a motion to quash the service of process by publication. The circuit court denied the motion to quash (as well as numerous other motions filed by defendant including a motion to vacate, motions to reconsider, and a petition to vacate pursuant to section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2012)) and ultimately entered an order approving the sale. Defendant now appeals *pro se* arguing that the circuit court erred when it (1) denied her motion to quash because plaintiff did not meet the requirements for service by publication, (2) denied her motions to reconsider the denial of her motion to quash and motion to vacate, (3) denied her section 2-1401(f) petition, and (4) entered a personal deficiency against her in the order approving the sale. For the reasons that follow, we affirm.

¶ 2                                 BACKGROUND
¶ 3       This matter commenced as a mortgage foreclosure action pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2012)). Plaintiff filed a complaint on December 10, 2013, alleging defendant was in default for failure to make payments toward the mortgage on the property located at 543 East 92nd Street in Chicago. The relief plaintiff requested included a judicial sale of the real estate involved and a personal deficiency judgment against defendant as guarantor of the note. Under an order entered by the circuit court on September 30, 2013, plaintiff was authorized to serve summons on defendants in all mortgage foreclosure cases through Elite Process Serving & Investigations, Inc. (Elite), until December 31, 2013.

¶ 4       On January 8, 2014, plaintiff filed an affidavit for service by publication pursuant to section 2-206(a) of the Code of Civil Procedure (735 ILCS 5/2-206(a) (West 2012)). In the affidavit, counsel for plaintiff averred that she had made "a due and diligent inquiry to find Defendant[ ] to this action, and to ascertain [her] respective places of residence" and that "upon due inquiry such Defendant[ ] cannot be found." In addition to that affidavit, plaintiff filed three additional affidavits. In the first affidavit, special process server Gary McDaniels (McDaniels) of Elite averred that he attempted to serve defendant at the property address seven times between December 12 and 18, 2013. The affidavit further indicated that McDaniels attempted to serve defendant multiple times during the day including twice around 9:30 p.m. After each attempt of service, McDaniels averred that he made no contact with defendant and "was unable to gain access onto the property."

¶ 5    In the second affidavit, special process server Christopher Gornik (Gornik) of Elite attested that he attempted to serve defendant at the property address seven times between December 22 and 29, 2013. Gornik averred he was not able to gain entry to the property, but noted that on two occasions dogs were present within the yard of the property and on one occasion the lights inside the property were on.

¶ 6    The third affidavit contained the averments of Juliann Pawlowski (Pawlowski) of Elite. Pawlowski averred that her search revealed only one known address for defendant, 543 East 92nd Street in Chicago. Pawlowski attested that on January 2, 2014, upon conducting a "skip trace" of defendant as well as a search of multiple databases (including, but not limited to, social security, employment, voter registration, professional licenses, the department of corrections, and other property records), no other addresses or contact information were found for defendant. Pawlowski further attested that she attempted to call defendant on December 31, 2013, using three different phone numbers, but was unable to contact defendant. Pawlowski also averred that a 1986 Toyota Tercel was registered to defendant at the property address.

¶ 7    On January 21, 2014, plaintiff filed a "Certificate of Publication" from the Chicago Daily Law Bulletin, which indicated that the publication notice regarding this foreclosure matter was published on January 6, 13, and 20, 2014.

¶ 8    As defendant had failed to file an appearance or answer in the matter, plaintiff moved for a default judgment and a judgment of foreclosure and sale, which were granted on May 23, 2014, by the circuit court. On May 29, 2014, plaintiff filed a "Notice of Entry of Default Judgment, Judgment of Foreclosure," pursuant to Illinois Supreme Court Rule 113(d) (eff. May 1, 2013), which indicated the notice of default had been mailed to defendant at the property address on May 27, 2014.

¶ 9    Thereafter, notice of the judicial sale of the property was then mailed to defendant at the property address on August 14, 2014, and indicated the sale would take place on August 26, 2014, at 10:30 a.m.

¶ 10    The day the property was set to be sold, defendant appeared in court *pro se* and presented an emergency motion to stay the sale of the property. Defendant did not challenge the circuit court's jurisdiction in this motion. Over plaintiff's objection, the circuit court granted defendant's motion and stayed the sale of the property until October 21, 2014.

¶ 11    Thereafter, defendant filed a series of motions *pro se*. On September 2, 2014, defendant filed a motion to "vacate all orders and judgments and dismiss with prejudice." In relevant part, defendant argued that the service that was attempted on her was improper as it occurred during a "known holiday season" when she was visiting relatives. However, defendant's affidavit, which was attached to her motion, only averred that service was attempted on her "during the holiday vacation season."

¶ 12    On September 16, 2014, the circuit court denied defendant's motion to vacate. That same day, defendant filed another motion to quash in which she argued that plaintiff (1) did not obtain leave to have a special process server serve the summons and (2) did not produce any affidavits describing the diligent efforts to inquire about her whereabouts. Defendant further argued that she received no notices from the clerk of the circuit court of Cook County. This motion was also supported by defendant's own affidavit in which she attested that (1) she resided at the property address "at all times relevant to said Complaint," (2) she had not been concealed within the state, (3) her "place of residence and whereabouts may be readily ascertained by records commonly available to detective agencies," and (4) she "truly believe[s]

- 3 -

that the private process servers failed to perform a diligent inquiry as to my residence and whereabouts."

¶ 13 Two days later, on September 18, 2014, defendant filed a motion to vacate the default judgment in which she argued that she was never served and that plaintiff did not have a court order which would allow it to serve defendant via a special process server.

¶ 14 The circuit court denied the motion to quash and the motion to vacate on September 30, 2014, expressly finding that defendant "has waived her objection to jurisdiction under 15-1505.6 [of the Foreclosure Law] by virtue of having presented motions to dismiss on 9/16/14 and motions to continue sale on 8/26/14." Shortly thereafter, on October 16, 2014, the circuit court granted defendant's motion for substitution of judge and the matter was reassigned to another judge in the mortgage foreclosure section.

¶ 15 On October 22, 2014, the property was sold to plaintiff as the highest bidder. Thereafter, on November 12, 2014, plaintiff filed its motion to confirm the sale, requesting that an *in personam* deficiency judgment be entered against defendant in the amount of $45,752.94.

¶ 16 While plaintiff's motion to confirm the sale was pending, on January 6, 2015, defendant filed two motions to reconsider (1) the circuit court's order denying her motion to vacate the default judgment and (2) the circuit court's denial of her motion to quash. Defendant raised the same arguments she had in her previous motions.

¶ 17 On March 10, 2015, plaintiff filed a response to defendant's motions to reconsider in which it argued that the motions were untimely and that defendant failed to establish that the circuit court had misapplied the existing law when it denied her motions.

¶ 18 In reply, defendant continued to assert that service by publication on her was improper as plaintiff's affidavit of service by publication did not meet the requirements of section 2-206. Defendant further argued that the default judgment should be vacated because plaintiff failed to follow Rule 113(d), which requires a plaintiff to prepare a notice of default and deliver it to the clerk of the circuit court.

¶ 19 On April 30, 2015, the circuit court denied defendant's motions to reconsider finding they were untimely filed and did not consist of new facts or new law. The court further found that the motion to quash was properly denied pursuant to section 15-1505.6 of the Foreclosure Law. Upon denying defendant's motions, the circuit court entered a briefing schedule regarding plaintiff's motion to confirm the sale.

¶ 20 The record discloses that defendant did not file a response to the motion to confirm the sale. However, on June 11, 2015, defendant did file a petition to vacate the judgment of foreclosure and set aside the sale pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2012)) in which she continued to assert the circuit court lacked jurisdiction over her. Plaintiff did not file a reply.[1]

¶ 21 After hearing oral arguments in the matter, on June 25, 2015, the circuit court granted the motion to confirm the sale and denied defendant's section 2-1401(f) petition. An order approving the sale of the property was entered by the circuit court. An *in personam* deficiency

---

[1]In its memorandum opinion of October 2, 2015, the circuit court states in a footnote, "Because the defendant did not timely file a response to the plaintiff's motion, the plaintiff did not file a reply. At the hearing, the plaintiff voluntarily waived its right to file a written reply and agreed to orally address the arguments raised by the defendant in its [*sic*] petition."

judgment, with interest as provided by statute, was entered against defendant in the amount of $45,752.94. The order further provided that the memorialization of the court's oral pronouncements and ruling would be issued to the parties by mail.

¶ 22    On July 20, 2015, defendant filed a notice of appeal. Thereafter, on October 2, 2015, the circuit court issued its written order. This appeal followed.

¶ 23                                                ANALYSIS

¶ 24    On appeal, defendant *pro se* contends the circuit court erred in denying her motion to quash service of summons by publication. Defendant presents various arguments to demonstrate that the circuit court lacked personal jurisdiction over her and, thus, the orders and judgments of the circuit court were void. In response, plaintiff argues the circuit court properly found defendant waived her objection to jurisdiction pursuant to section 15-1505.6 of the Foreclosure Law (735 ILCS 5/15-1505.6 (West 2012)) when she filed an emergency motion to stay the sale of the property and failed to contest the court's jurisdiction in that motion.

¶ 25    Where, as here, the circuit court's denial of a motion to quash service is based on documentary evidence only, our review on appeal is *de novo* (*Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 15); thus, we need not rely on the circuit court's reasoning in denying the motion to quash. Indeed, we may affirm the circuit court on any basis that appears on the record. *Banco Popular North America v. Gizynski*, 2015 IL App (1st) 142871, ¶ 37 ("We may affirm on any basis appearing in the record, whether or not the trial court relied on that basis or its reasoning was correct."). Based on our review of the record, service by publication was proper and, therefore, the circuit court had personal jurisdiction over defendant when it entered orders and the judgment of foreclosure prior to her filing of the emergency motion.

¶ 26    It is well established that, "To enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17.[2] A judgment entered without jurisdiction over the parties is void and may be challenged at any time. *Id.* "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18.

¶ 27    "Service of process serves the dual purposes of protecting a defendant's right to due process by allowing proper notification and an opportunity to be heard ***." *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. "Failure to effect service as required by

_____

[2]We acknowledge that defendant asserts a perfunctory argument that the circuit court lacked subject matter jurisdiction. While defendant cites numerous cases regarding subject matter jurisdiction, she does not set forth any argument as to why the circuit court here lacked subject matter jurisdiction, and thus we find she has forfeited this argument pursuant to Illinois Supreme Court Rule 341(h)(7) (eff. Feb. 6, 2013). Regardless, "To invoke the circuit court's subject matter jurisdiction, a party need only present a justiciable matter, *i.e.*, 'a controversy appropriate for review by the court, in that it is definite and concrete, as opposed to hypothetical or moot, touching upon the legal relations of parties having adverse legal interests.' " *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 35 (quoting *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 335 (2002)). The circuit court has the power to hear mortgage foreclosure matters, which are justiciable, and therefore was vested with subject matter jurisdiction. See 735 ILCS 5/15-1501 *et seq.* (West 2012).

law deprives a court of jurisdiction over the person and any default judgment based on defective service is void." *Id.* "Specifically, a foreclosure judgment entered without service of process is void." *Id.*

¶ 28　　Section 2-206(a) of the Code (735 ILCS 5/2-206(a) (West 2012)) allows a plaintiff to serve process on a defendant by publication in limited cases where the plaintiff has strictly complied with the requirements for such service. *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 18. The section provides, in relevant part:

> "Whenever, in any action affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or recission of a contract for the conveyance of land, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2012).

¶ 29　　The circuit court of Cook County has also adopted a local rule that further expands on the requirement for the affidavit, particularly in mortgage foreclosure matters:

> "Pursuant to 735 ILCS 5/2-206(a), due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits for service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as circumstances permit prior to placing any service of summons by publication." Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 30　　"Although the Code contemplates service by publication, our court long ago recognized that such service is 'an extraordinary means of serving notice—one unknown at common law' and that, from the perspective of the person to be notified, it is the 'least satisfactory method' of giving notice and 'often it is no notice at all.' " *Karbowski*, 2014 IL App (1st) 130112, ¶ 13 (quoting *Public Taxi Service, Inc. v. Ayrton*, 15 Ill. App. 3d 706, 713 (1973)). Therefore, a party defending notice by publication must demonstrate strict compliance with every requirement of the statute, including due diligence and due inquiry. *BankUnited v. Velcich*, 2015 IL App (1st) 132070, ¶ 30. "[T]hese statutory prerequisites are not intended as *pro forma* or useless phrases requiring mere perfunctory performance but, on the contrary, require an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit." *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 476 (2006). Accordingly, before a plaintiff can conduct service by publication, the plaintiff must present an affidavit stating a defendant cannot be located based on a diligent inquiry in ascertaining the defendant's residence and a due inquiry in ascertaining the defendant's whereabouts. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18.

¶ 31　　A defendant may challenge the plaintiff's affidavit by filing an affidavit setting forth that upon due inquiry, he or she could have been found. *Id.* The plaintiff may respond to the defendant's attestation either by successfully questioning the conclusory nature of the

defendant's challenge or by producing evidence demonstrating in fact that the plaintiff made due inquiry to locate the defendant so that process could be served upon him. *Id.* "If the defendant is able to present a significant issue with respect to the truthfulness of the affidavit filed by the plaintiff's agent for service by publication, then the trial court should hold an evidentiary hearing on the issue with the burden of proof being upon the plaintiff to establish that due inquiry was made to locate the defendant." *Id.* (citing *First Federal Savings & Loan Ass'n v. Brown*, 74 Ill. App. 3d 901, 907-08 (1979)).

¶ 32    Defendant first argues plaintiff's affidavits failed to comply with section 2-206(a) of the Code and local rule 7.3. Specifically, defendant contends plaintiff was not duly diligent as the process servers never spoke with her neighbors to ascertain her whereabouts and that plaintiff lacked a good faith effort as it was aware of a municipal case in which she and plaintiff were both parties.

¶ 33    Here, plaintiff complied with the statutory and local rule requirements for service by publication by filing affidavits which established due inquiry and due diligence in attempts to locate and to serve defendant. The affidavits provided that defendant could not be personally served because her whereabouts could not be ascertained and that her last known place of residence was 543 East 92nd Street in Chicago, the property address. Incorporated by reference in the affidavits were three additional affidavits from employees of Elite. The affidavits of process servers McDaniels and Gornik demonstrated that they had attempted service at the only known address for defendant (which defendant averred was her residence at the time) a total of 14 times. For each attempted service, the process servers detailed the time of day (or night) service was attempted and the reasons why defendant could not be served, including that they were unable to gain access onto the property and that no one was answering the doorbell. Gornik, who attempted to serve defendant between December 22 and 29, 2013, further remarked that at times lights were on inside the property and dogs were in the yard. In addition, Pawlowski averred in her affidavit that she conducted a "skip trace" on January 2, 2014, that revealed only one known address for defendant, 543 East 92nd Street in Chicago. Pawlowski further attested that she attempted to call defendant on December 31, 2013, using three different phone numbers, but was unable to contact defendant. Pawlowski also averred that a 1986 Toyota Tercel was registered to defendant at the property address. No further records were found for defendant after Pawlowski searched multiple databases including, but not limited to social security, employment, voter registration, professional licenses, the department of corrections, and other property records. In our view, plaintiff's efforts fulfilled the requirements of section 2-206(a) and local rule 7.3. See *Household Finance Corp. III v. Volpert*, 227 Ill. App. 3d 453, 455 (1992).

¶ 34    Moreover, the affidavits defendant produced in support of her motions to quash failed rebut plaintiff's affidavits. As previously discussed, a defendant may challenge the plaintiff's affidavit by filing an affidavit demonstrating that upon due inquiry, he or she could have been found. *Cotton*, 2012 IL App (1st) 102438, ¶ 18. Here, defendant's affidavits indicated that she currently resided at the property address and that "[m]y current residence has been my usual place of abode at all times relevant to said Complaint." She further averred that her "place of residence and whereabouts may be readily ascertained by records commonly available to detective agencies." This proposition, however, does not challenge plaintiff's affidavits, particularly where Pawlowski attested she conducted such a search and ascertained that the only address associated with defendant was the property address. Accordingly, where plaintiff

resided at the time of service is not at issue, rather whether plaintiff diligently attempted to serve defendant is the issue.

¶ 35    In this vein, defendant raises two additional issues with regards to plaintiff's attempts at service of process. Defendant first argues that the process servers should have spoken with her neighbors to determine her whereabouts. We find *Volpert* to be instructive. In that case, the reviewing court upheld plaintiff's service by publication, as the record disclosed that the sheriff attempted to serve the defendant nine times over the course of 10 days at the address where the defendant later averred he resided. *Volpert*, 227 Ill. App. 3d at 455. The sheriff's return of service also indicated: " 'Lights on-car in drive-won't answer door.' " *Id.* In addition, the plaintiff attempted to serve the defendant at a second address and on other repeated occasions at his admitted residence. *Id.* The reviewing court concluded that plaintiff's repeated attempts of service at the defendant's "confirmed" residence, along with the fact that the sheriff's and process server's returns indicated that someone was home but refused to come to the door, supported its holding. *Id.* Besides being factually similar to the case at bar, the *Volpert* defendant also argued that the plaintiff was required to speak with the defendant's neighbors when he or she cannot be located as a requirement of due inquiry. *Id.* at 456. The reviewing court disagreed and found the plaintiff did not need to speak with the defendant's neighbors where the plaintiff knew that the defendant resided at the address where service was attempted and made repeated attempts to serve him there. *Id.* Here, defendant averred she resided at the property address at the time of attempted service and plaintiff attempted to serve her there on numerous occasions when it appeared plaintiff was at home, but was not answering. Accordingly, as in *Volpert*, we find as a matter of law that plaintiff was not required to speak with defendant's neighbors regarding her whereabouts to fulfill the due inquiry requirement. See *id.*

¶ 36    Secondly, defendant asserts that plaintiff lacked a good-faith effort to personally serve her where both she and plaintiff were named as defendants in a municipal case. The record reflects that on July 22, 2013, plaintiff filed an appearance in a municipal matter where defendant was also named. The record in this case, however, contains no appearance of defendant in the municipal case and defendant did not aver that she ever appeared in the municipal matter. See *cf. Brown*, 74 Ill. App. 3d at 907 (record demonstrated that the plaintiff was aware of the defendant's divorce action at the time it filed its affidavit for service by publication, but failed to inquire of the defendant's attorney of record in the divorce action concerning the defendant's whereabouts). Thus, while the record establishes that plaintiff was aware of defendant's municipal action, the record does not demonstrate that defendant's whereabouts could be ascertained through an inquiry into that action.

¶ 37    We find, based on the affidavits provided by plaintiff, that plaintiff undertook an "honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit." See *Velcich*, 2015 IL App (1st) 132070, ¶¶ 30, 32 (finding that the plaintiff's 14 attempts at service at five different addresses established due inquiry and due diligence despite being unable to ascertain defendant's residence). Therefore, we conclude that plaintiff established that due inquiry and due diligence when it detailed the specific actions it undertook to ascertain defendant's location sufficient to justify service by publication in accordance with section 2-206(a) of the Code and local rule 7.3. See 735 ILCS 5/2-206(a) (West 2012); Cook Co. Cir. Ct. R. 7.3 (Oct. 1, 1996); *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972) ("The provision for 'due inquiry' is not intended as a *pro forma* or useless

phrase, requiring only perfunctory performance, but, on the contrary, requires an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit."). Thus, the circuit court had personal jurisdiction over defendant and had the authority to enter the judgment of foreclosure and sale.[3]

¶ 38    In addition, defendant asserts the circuit court should have conducted an evidentiary hearing on her motion to quash. As previously discussed, however, an evidentiary hearing is warranted only "[i]f the defendant is able to present a significant issue with respect to the truthfulness of the affidavit filed by the plaintiff's agent for service by publication." *Cotton*, 2012 IL App (1st) 102438, ¶ 18 (citing *Brown*, 74 Ill. App. 3d at 907-08). Defendant here has failed to present a significant issue with respect to the truthfulness of plaintiff's affidavits and, thus, the circuit court did not err in declining to conduct an evidentiary hearing.

¶ 39                                   Motions to Reconsider

¶ 40    Defendant next argues that the circuit court erred in denying her motions to reconsider the denial of her motion to vacate pursuant to section 2-1301(e) of the Code (735 ILCS 5/2-1301(e) (West 2012)) and her motion to quash. Defendant maintains that she requested the circuit court review whether service of process was proper and that the court (1) "ignored the affidavits, the evidence and violation of local court rule 7.3" and (2) did not consider that plaintiff filed a defective notice of the motion for default and did not take into consideration that plaintiff did not file a notice of entry of default and judgment of foreclosure pursuant to Rule 113(d).

¶ 41    The purpose of a motion to reconsider is to bring to the circuit court's attention newly discovered evidence, changes in the law, or errors in the court's previous application of existing law. *Martinez v. River Park Place, LLC*, 2012 IL App (1st) 111478, ¶ 23. The decision to grant or deny a motion to reconsider lies within the sound discretion of the circuit court and will not be disturbed absent an abuse of that discretion. *1010 Lake Shore Ass'n v. Deutsche Bank National Trust Co.*, 2014 IL App (1st) 130962, ¶ 23. "A circuit court abuses its discretion when its ruling is arbitrary, fanciful, or unreasonable, or when no reasonable person would adopt its view." *Id.* "However, where a motion to reconsider raises a question of whether the trial court erred in its previous application of existing law, we review *de novo* the trial court's determinations of legal issues." *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 259 (2008).

¶ 42    Defendant first asserts the circuit court did not consider the affidavits she presented in support of her motion to quash. Insofar as defendant is asserting that the circuit court erred in its application of existing law, we observe that the circuit court did not substantively examine the motion to quash, instead it denied the motion on a procedural basis. We, however, have considered the substantive issues as stated above as well as defendant's affidavits and, based on the reasons previously noted, have found that the circuit court did not err in denying the motion to quash.

_____

[3]Defendant further argues that service by publication was improper where plaintiff's 2-206(a) affidavit was authored a day after publication commenced in the Chicago Daily Law Bulletin. She also argues that plaintiff was never granted leave to serve her by publication. Defendant, however, cites no authority for these propositions and, thus, we find these arguments to be forfeited. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013).

¶ 43    Defendant next contends that her motion to quash was improperly denied where the circuit court failed to consider that plaintiff's notice of the motion for default was not completely filled out. Defendant maintains the notice contained a blank space where the date the notice was mailed should have been. She further argues the plaintiff failed to provide the clerk of the circuit court with a notice of entry of default and judgment of foreclosure pursuant to Rule 113(d). As defendant's argument challenges the circuit court's application of existing law, we review it for an abuse of discretion. See *Martinez*, 2012 IL App (1st) 111478, ¶ 23.

¶ 44    While the record contains a copy of the notice of the motion for default with a blank space where the date should have been, plaintiff attached a file-stamped copy of the notice that was complete to its response to the motion to reconsider. The notice indicates that one of its attorneys, "on April 1, 2014, *** caused a true and correct copy of this Notice, together with the Motion(s) and supporting documents referenced herein, to be served upon the above-named parties by mailing a copy thereof by first class mail and depositing the same in the U.S. Mail at Orland Park, Illinois at 4:00 P.M., with proper postage prepaid." Accordingly, the record demonstrates that the notice at issue was filled out in its entirety. The record further demonstrates that on May 29, 2015, plaintiff filed a Rule 113(d) notice of entry of default and judgment of foreclosure with the clerk of the circuit court. Thus, defendant's contentions on appeal are belied by the record and cannot serve as a basis for finding the circuit court erred in denying her motions to reconsider. We therefore conclude that the circuit court did not abuse its discretion when it denied defendant's motions to reconsider.

¶ 45                                    Petition to Vacate

¶ 46    Defendant asserts the circuit court erred in denying her June 11, 2015, petition to vacate made pursuant to section 2-1401(f) of the Code (735 ILCS 5/2-1401(f) (West 2012)). Where, as in this case, the circuit court either enters judgment on the pleadings or dismisses the section 2-1401 petition, our review is *de novo. OneWest Bank, FSB v. Hawthorne*, 2013 IL App (5th) 110475, ¶ 19. In this case, the relief defendant sought under section 2-1401(f) was not available to her, as there had yet to be a final and appealable order entered in the matter. See 735 ILCS 5/2-1401(a) (West 2012) ("Relief from final orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section."). As stated by our supreme court in *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11:

> "It is well settled that a judgment ordering the foreclosure of mortgage is not final and appealable until the trial court enters an order approving the sale and directing the distribution. [Citations.] The reason such a judgment is not final and appealable is because it does not dispose of all issues between the parties and it does not terminate the litigation. [Citations.] Specifically, although a judgment of foreclosure is final as to the matters it adjudicates, a judgment foreclosing a mortgage, or a lien, determines fewer than all the rights and liabilities in issue because the trial court has still to enter a subsequent order approving the foreclosure sale and directing distribution. [Citations.] Accordingly, it is the order confirming the sale, rather than the judgment of foreclosure, that operates as the final and appealable order in a foreclosure case. [Citation.]"

Defendant here filed her section 2-1401(f) petition on June 11, 2015, prior to the order confirming the sale being entered on June 25, 2015. Accordingly, defendant's motion under section 2-1401 was premature and the circuit court did not err in denying the motion. See *id.*

¶ 10.

Order Approving the Sale

¶ 48     Lastly, defendant contends that the circuit court erred in entering a personal deficiency judgment against her. We review the circuit court's approval of a judicial sale for an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). "The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court." *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759, ¶ 18. The party opposing the foreclosure sale bears the burden of proving that sufficient grounds exist to disapprove the sale. *Bayview Loan Servicing, LLC v. 2010 Real Estate Foreclosure, LLC*, 2013 IL App (1st) 120711, ¶ 32.

¶ 49     Section 15-1508(e) of the Foreclosure Law (735 ILCS 5/15-1508(e) (West 2012)) sets forth the requirements for a personal deficiency judgment:

        "(e) Deficiency Judgment. In any order confirming a sale pursuant to the judgment of foreclosure, the court *shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508.* Except as otherwise provided in this Article, a judgment may be entered for any balance of money that may be found due to the plaintiff, over and above the proceeds of the sale or sales, and enforcement may be had for the collection of such balance, the same as when the judgment is solely for the payment of money. Such judgment may be entered, or enforcement had, only in cases where personal service has been had upon the persons personally liable for the mortgage indebtedness, *unless they have entered their appearance in the foreclosure action.*" (Emphases added.)

¶ 50     In this case, plaintiff requested a personal judgment for deficiency against defendant in its complaint. Judgment in this matter was entered in the amount of $79,432.78. After interest, attorneys fees, publication and other fees, the total due and owing to plaintiff was $84,142.94. The property was sold to plaintiff as the highest bidder for $38,390.00. In its motion to confirm the sale, plaintiff requested the court enter a personal deficiency judgment against defendant in the amount of $45,752.94. Plaintiff supported the sale price by attaching to its motion two appraisals of the property. The first was dated December 22, 2006, prior to the origination of the loan, which indicated the property was worth $170,000. The second was dated July 28, 2014, prior to the judicial sale of the property, which indicated the property was worth $20,000. Regarding defendant's appearance in this matter, the record is devoid of such an appearance. Defendant, however, acknowledged in reply to her motion for reconsideration that she filed her appearance on August 26, 2014. Such a statement constitutes a judicial admission. See *North Shore Community Bank & Trust Co. v. Sheffield Wellington LLC*, 2014 IL App (1st) 123784, ¶ 102 (judicial admissions are " 'formal concessions in the pleadings in the case or stipulations by a party or its counsel that have the [function] of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact' " (internal quotation marks omitted) (quoting *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557-58 (2005)). Moreover, a review of the electronic docket of the circuit court of Cook County reveals that defendant filed her appearance on August 26, 2014. See *In re F.P.*, 2014 IL App (4th) 140360, ¶ 39 (court can take judicial notice of online official records). Although defendant asserts she merely filed a "special appearance," we observe that section 2-301 of the Code was amended in 2000 to no

longer require that a party file a special appearance to preserve a jurisdictional objection. See *GreenPoint Mortgage Funding, Inc. v. Poniewozik*, 2014 IL App (1st) 132864, ¶ 13. While we acknowledge that defendant continually insisted that personal jurisdiction was lacking, as we have already concluded that service by publication was proper in this case, we cannot say that the circuit court abused its discretion when it entered a personal deficiency judgment against defendant.

¶ 51                                   CONCLUSION

¶ 52        In sum, service by publication of defendant was properly had where the affidavits presented by plaintiff strictly complied with section 2-206(a) of the Code and local rule 7.3. As service by publication was proper, the circuit court did not err in denying the motions to reconsider. In addition, the denial of defendant's section 2-1401(f) petition was proper where it was presented prior to the entry of the order approving the sale of the property. Lastly, we find the circuit court did not abuse its discretion when it entered a personal deficiency judgment against defendant as plaintiff complied with section 15-1508(e) of the Foreclosure Law. Accordingly, we affirm the judgment of the circuit court of Cook County.

¶ 53        Affirmed.

¶ 54        PRESIDING JUSTICE GORDON, specially concurring.

¶ 55        I agree with the decision of the majority in the order but I must write separately on two issues. First, defendant contends that plaintiff attempted service through a special process server without leave of court, and in defendant's section 2-1401 petition, she states the order was not stamped. The record illustrates the granting and stamping of an order of appointment dated September 30, 2013, with the court stamp affixed thereon. Second, the majority finds that defendant's motion under section 2-1401 was premature because it was not a final order and thus the circuit court did not err in denying the motion. However, even if the *pro se* motion to vacate was treated as a section 2-1301 motion to vacate on its merits as not a final order, the defendant had no legal basis to show she was entitled to any relief. The service by publication was proper based on the affidavits of the special process servers, defendant failed to make the payments on her mortgage, and plaintiff followed the statute in foreclosing on the property. This *pro se* defendant had no defense to the foreclosure action.