2025 IL App (1st) 241416-U

No. 1-24-1416

Order filed September 17, 2025

THIRD DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as Owner Trustee of CSMC 2018-SP3 Trust, | ) ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 2020 CH 7393 |
| G. JAQUELINNE NERID-PRESMAN; IGOR PRESMAN; BMO HARRIS BANK NATIONAL ASSOCIATION f/k/a HARRIS, N.A.; FIFTH THIRD BANK FKA FIFTH THIRD BANK (Western Michigan); UNKNOWN OWNERS and NON-RECORD CLAIMANTS; LAKESHORE TERRACE CONDOMINIUM ASSOCIATION; COOK COUNTY ASSESSOR'S OFFICE, | ) ) ) ) ) ) ) ) ) ) | Honorable Edward N. Robles, Judge Presiding. |
| Defendants-Appellants. | ) ) | |

PRESIDING JUSTICE MARTIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1 *Held*: The trial court did not err when it denied defendant's motion to quash service by publication.

¶ 2 In this mortgage foreclosure action, defendant G. Jaquelinne Nerid-Presman (Nerid-

Presman) appeals the trial court's order denying her motion to quash service by publication. Nerid-Presman argues that her motion should have been granted because the mortgage lender failed to comply with the requirements for service by publication set forth in section 2-206(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-206(a) (West 2020)) and Cook County Circuit Court Local Rule 7.3 (Local Rule 7.3) (Cook County Cir. Ct. R. 7.3 (Oct. 1, 1996)). We affirm.

¶ 3                                   I. BACKGROUND

¶ 4     On December 21, 2020, Wilmington Savings Fund Society, FSB, not in its individual capacity, but solely as Owner Trustee of CSMC 2018-SP3 Trust (Wilmington Savings), filed a complaint seeking to foreclose a mortgage it holds on a condominium unit in the 5700 block of North Sheridan Road, Unit S, Chicago, Illinois (Mortgaged Property). Nerid-Presman resides in the condominium unit and was named as one of the defendants in the complaint.

¶ 5     On the same day Wilmington Savings filed its complaint, it caused summons to be issued by the clerk of the court for service on Nerid-Presman at the Mortgaged Property and at a property located in the 6100 block of North Sheridan Road, Apartment 20C, Chicago, Illinois (Sheridan Property). Special process server Steven Serafin attested that during the months of December 2020 and January 2021, he attempted to serve Nerid-Presman with a copy of the complaint and summons at the Mortgaged Property on seven separate occasions, and once at the Sheridan Property—all without success.

¶ 6     Following the unsuccessful attempts at personal service, counsel for Wilmington Savings filed an affidavit on January 15, 2021, seeking an order permitting service by publication pursuant to section 2-206(a) of the Code. Counsel attested that upon diligent inquiry, Nerid-Presman's place of residence could not be ascertained and that her last known place of residence was the Mortgaged Property. The affidavit detailed the search of various databases, including public records for

pending probate cases, and property inspection reports.

¶ 7    Notice of the impending foreclosure was published in the Cook County Chronicle beginning January 20, 2021, and ending February 3, 2021. The clerk of the circuit court filed a certificate of mailing indicating that the clerk's office mailed a notice of publication to Nerid-Presman at the Mortgaged Property within 10 days of the first publication of the notice.

¶ 8    In August 2021, the matter was brought before the trial court on Wilmington Savings' motion for entry of judgment of foreclosure and sale. Nerid-Presman failed to appear or answer the foreclosure complaint, and an order of default was entered against her on August 26, 2021. The trial court then entered a judgment of foreclosure and sale in favor of Wilmington Savings.

¶ 9    On September 1, 2021, a notice of entry of default and judgment of foreclosure was mailed to Nerid-Presman at the Mortgaged Property. Notice was subsequently mailed to Nerid-Presman at the Mortgaged Property in October and November of 2021, notifying her that sale of the property was scheduled to be held on November 29, 2021. Notice to that effect was also published in the Chicago Daily Law Bulletin on November 3, 2021, and the Inside-Booster on November 12, 2021.

¶ 10    The Mortgaged Property was sold at a judicial sale on November 29, 2021, with Wilmington Savings as the highest bidder. Two months later, the trial court entered an order confirming the judicial sale.

¶ 11    Approximately a year and a half later, on August 23, 2023, Nerid-Presman filed a motion to quash service and vacate the judgment of foreclosure pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The motion was supported by an affidavit from Nerid-Presman in which she averred, in part:

   "When the pandemic was announced and the country and state were shut down, I abided by the shut in order. I did not visit nor did I have visitors. I only left my home, when it was

necessary. When deliveries were made to my home, the delivery person would leave the items at my door.

From December 21, 2020 through January 15, 2023, no one knocked at my door. I was home and at no time did anyone unannounced knocked [*sic*] at my door. My son and I did not leave the home very much during the lockdown. We were frightened at the possibility of contracting Cov-id [*sic*].

\* \* \*

It wasn't until I received a letter from the Sheriff of Cook County's office informing me that I could be evicted within 48 hours, that I received notice of an eviction."

¶ 12    On November 8, 2023, Wilmington Savings filed a motion pursuant to section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2022)), opposing the motion to quash service, and Nerid-Presman filed a reply. Following oral argument on June 13, 2024, the trial court denied Nerid-Presman's motion to quash service. Nerid-Presman filed a timely notice of appeal on July 8, 2024.

¶ 13                                    II. ANALYSIS

¶ 14    Nerid-Presman argues on appeal that the affidavits Wilmington Savings filed in support of service by publication failed to comply with the requirements of section 2-206(a) of the Code and Local Rule 7.3, and therefore the trial court lacked personal jurisdiction over her in the underlying foreclosure proceeding. Nerid-Presman alternatively argues that the trial court should have conducted an evidentiary hearing to determine whether Wilmington Savings made a due and diligent inquiry, as required by section 2-206(a) of the Code.

¶ 15    Wilmington Savings contends that Nerid-Presman waived the issues on appeal by failing to specifically reference section 2-206(a) of the Code or Local Rule 7.3 in her section 2-1401

motion to quash service, or in her response to the motion to dismiss. A review of the record demonstrates that the parties, as well as the trial court, recognized that Nerid-Presman was relying on section 2-206(a) and Local Rule 7.3 in support of her arguments. Indeed, Wilmington Savings specifically referenced section 2-206(a) and Local Rule 7.3 in support of its section 2-619(a)(9) motion to dismiss. Accordingly, we reject Wilmington Savings' waiver argument.

¶ 16      We now turn to the merits, beginning with our standard of review. When a trial court denies a motion to quash service relying solely on documentary evidence, our standard of review is *de novo*. *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 25. We also review *de novo* whether the trial court obtained personal jurisdiction over a party. *BAC Home Loans Services, LP v. Mitchell*, 2014 IL 116311, ¶ 17. "Under a *de novo* standard of review, we use the same analysis that a trial court would with no deference to the trial court's decision." *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2025 IL App (1st) 231381, ¶ 46.

¶ 17      It is well settled that in order for a trial court to enter a valid judgment it must have jurisdiction over the subject matter of the litigation as well as the parties. *BAC Home Loans Services,* 2014 IL 116311, ¶ 17. A judgment entered without jurisdiction over the parties is void and may be challenged at any time. *Id*. "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id*. "Service of process serves the dual purposes of protecting a defendant's right to due process by allowing proper notification and an opportunity to be heard." *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12.

¶ 18      Pursuant to the Code, service of process may be made upon a party either by summons or by publication and mailing. See *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); (735 ILCS 5/2-203(a), 2-206(a) (West 2020)). Here, we are concerned with service by publication.

¶ 19    Section 2-206(a) provides for service by publication in actions affecting real property. See *TCF National Bank*, 2016 IL App (1st) 152083, ¶¶ 28-29. This section of the Code provides in relevant part:

"Whenever, in any action affecting property or status within the jurisdiction of the court, * * * the plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." 735 ILCS 5/2-206(a) (West 2020).

¶ 20    Local Rule 7.3 elaborates on the affidavit requirements and provides in relevant part as follows:

"Pursuant to [section 2-206(a) of the Code], due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits of service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as the circumstances permit prior to placing any service of summons by publication." Cook County Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 21    Due inquiry and diligence are statutory prerequisites for service by publication and "must be strictly complied with in order for a court to obtain jurisdiction over a defendant." *BankUnited v. Velcich*, 2015 IL App (1st) 132070, ¶ 30. "[T]he law 'requires an honest and well-directed effort to ascertain the whereabouts of a defendant by an inquiry as full as circumstances can permit.' "

6

*Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006) (quoting *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27 (1972)). Diligence, in the context of assessing a plaintiff's attempts at service of process, depends upon the facts and circumstances of each specific case. See *People ex rel. Walter v. Harrison*, 348 Ill. App. 3d 976, 982 (2004).

¶ 22    A defendant may challenge the plaintiff's affidavit by filing a counter-affidavit demonstrating that upon due inquiry, he or she could have been found. *TCF National Bank*, 2016 IL App (1st) 152083, ¶ 31. Upon defendant's challenge, plaintiff must produce evidence establishing due inquiry. *Id.*

¶ 23    Here, the record reveals the following facts surrounding Wilmington Savings' attempts at personal service of process on Nerid-Presman. Special process server Steve Serafin averred that he attempted to personally serve Nerid-Presman at the Mortgaged Property a total of seven times: (1) December 26, 2020, at 2:28 p.m.; knocked on door, no answer; (2) December 29, 2020, at 7:00 a.m.; knocked on door, no answer; (3) December 30, 2020, at 4:24 p.m.; knocked on door, no answer, but lights were on; (4) January 7, 2021, at 5:16 p.m.; knocked on door, no answer, lights were off; (5) January 9, 2021, at 11:29 a.m.; knocked on door, no answer; (6) January 10, 2021, at 7:12 a.m.; knocked on door, no answer; and (7) January 13, 2021, at 6:55 p.m.; knocked on door, no answer, but lights were on. Personal service was also attempted on Nerid-Presman at the Sheridan Property on December 26, 2020, at 2:48 p.m., but a security guard stated that Nerid-Presman did not reside at the property.

¶ 24    On January 14, 2021, Bryn C. Schumm, an employee of Flatiron Services LLC, the process server retained by Wilmington Savings, filed an affidavit of due diligence pursuant to Local Rule 7.3 detailing her attempts to locate Nerid-Presman using her social security number, commercial databases, public records, and public internet websites. The only addresses shown for Nerid-

Presman were those at which personal service attempts were made.

¶ 25    The following day, Edward R. Peterka, an attorney with the law firm of Manley Deas Kochalski, LLC, filed an affidavit for service by publication pursuant to section 2-206(a) of the Code. The affidavit stated that on due inquiry, Nerid-Presman could not be found for service of process. The affidavit recounted the following actions taken to ascertain Nerid-Presman's whereabouts: reviewed her foreclosure information package; reviewed public records for any pending probate cases; and ordered and reviewed property inspection report to determine occupants of the Mortgaged Property. Further, the affidavit stated that upon diligent inquiry, Nerid-Presman's place of residence could not be ascertained and that her last known place of residence was listed as the Mortgaged Property.

¶ 26    In her counter-affidavit, Nerid-Presman averred that during the COVID-19 pandemic and winter holiday season, she and her son rarely left their home because they were concerned with contracting COVID-19. If this were the case, then it would be reasonable to assume that Nerid-Presman was at home when the special process server attempted to personally serve her. This assumption finds support in the fact that the special process server observed lights turned on in the home when he attempted to personally serve Nerid-Presman at the home.

¶ 27    Nerid-Presman suggests it was unreasonable to attempt to personally serve her at her home during both the COVID-19 pandemic and during the winter holiday season. We disagree. There is nothing inherently unreasonable in attempting to personally serve an individual at their home during a holiday season. In addition, if Nerid-Presman was concerned about possibly contracting COVID-19 from her brief encounter with the process server, there were steps she could have taken to protect herself.

¶ 28    Nerid-Presman argues that Wilmington Savings failed to exercise due diligence in

attempting to locate her where it failed to discover her pending divorce case. According to Nerid-Presman, if Wilmington Savings had discovered her pending divorce litigation, it could have notified divorce counsel of the foreclosure case, and divorce counsel could have in turn notified her. Nerid-Presman provides no case law or other authority, nor have we found any, which supports the proposition that in order to satisfy the requirements for a due diligent search, a plaintiff must conduct a search for a specific type of lawsuit in which the defendant might be involved.

¶ 29    Nerid-Presman next takes issue with attorney Peterka's affidavit. Nerid-Presman argues that the affidavit, which recounted the actions taken by other individuals to ascertain her whereabouts, lacked the specificity required by Local Rule 7.3 because it failed to identify these individuals. We note, however, that attorney Peterka's affidavit was not filed pursuant to Local Rule 7.3, but rather section 2-206(a).

¶ 30    In order for a trial court to obtain personal jurisdiction over a defendant by publication, section 2-206(a) of the Code requires a plaintiff to file an affidavit stating that the defendant "on due inquiry cannot be found *** so that process cannot be served upon him or her" and "stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." 735 ILCS 5/2-206(a) (West 2022). Here, in his affidavit, attorney Peterka averred that on due inquiry, Nerid-Presman could not be found for service of process. The affidavit provided that upon diligent inquiry, Nerid-Presman's place of residence could not be ascertained and listed her last known place of residence as the Mortgaged Property. Attorney Peterka's affidavit clearly complied with the requirements of section 2-206(a) of the Code.

¶ 31    Nerid-Presman alternatively argues that the trial court should have conducted an evidentiary hearing to determine whether Wilmington Savings made a due and diligent inquiry required by section 2-206(a) of the Code. Specifically, Nerid-Presman contends that she has

resided at the Mortgaged Property since 1998 and suggests that the special process server attempted to serve her at the wrong condominium unit. Nerid-Presman maintains "we don't know whether [the special process server] was at the right unit, knocking on the right door, or looking at the right unit when referring to lights being on."

¶ 32    "[A]n evidentiary hearing is warranted only if the defendant is able to present a significant issue with respect to the truthfulness of the affidavit filed by the plaintiff's agent for service by publication." *Neighborhood Lending Services, Inc. v. Griffin*, 2018 IL App (1st) 162855, ¶ 25 (Internal quotation marks and citations omitted.) Here, Nerid-Presman failed to present a significant issue regarding the truthfulness of special process server Steve Serafin's affidavit, Bryn C. Schumm's affidavit of due diligence pursuant to Local Rule 7.3, or attorney Peterka's affidavit for service by publication pursuant to section 2-206(a). Therefore, an evidentiary hearing as to whether the special process server attempted to serve Nerid-Presman at the correct condominium unit was not warranted.

¶ 33    In sum, we find that the affidavits Wilmington Savings filed in support of service by publication strictly complied with the requirements of section 2-206(a) of the Code and Local Rule 7.3, and therefore the trial court did not err in denying Nerid-Presman's motion to quash service by publication. As a result, the trial court had personal jurisdiction over Nerid-Presman in the underlying foreclosure proceeding.

¶ 34                                III. CONCLUSION

¶ 35    For the foregoing reasons, we affirm the judgment of the trial court denying Nerid-Presman's motion to quash service by publication.

¶ 36    Affirmed.