No. 2--00--0529

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF    ) Appeal from the Circuit Court

ILLINOIS,                     ) of Kane County.

                              )

Plaintiff-Appellee,      )

                              )      

v.                            ) No. 99--CM--5157         

                              ) 

LAURA CARROLL,                ) Honorable                  

                              ) Grant S. Wegner,

Defendant-Appellant.     ) Judge, Presiding.

_________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Laura Carroll, appeals her conviction of criminal trespass after she walked onto the property of a private medical clinic that performed abortions to distribute literature regarding the alternatives to abortion.  We reverse and remand.

The following facts are taken from the common-law record and the stipulations of the parties.  The record contains no transcript of the trial proceedings.

At the jury trial, the evidence revealed that on or about August 18, 1999, the defendant walked onto the private property that housed an abortion clinic.  "No trespassing" signs were posted outside the clinic property.

Before coming onto the property, the defendant approached a man, who was accompanying a clinic patient, to discuss abortion and alternatives to abortion. The defendant went onto the clinic property after the man invited her onto the property to bring him literature.  A clinic employee then asked the defendant to leave, and the defendant immediately complied.  However, the defendant was later arrested and charged with criminal trespass of real property after receiving notice that entry was forbidden.  720 ILCS 5/21--3 (West 1998). 

Cheryl Holcomb, the clinic's administrator, testified that "patients and their escorts are both routinely allowed to invite persons of their choosing to the clinic without running afoul of the posted 'no trespassing' sign." 

The parties stipulated that two witnesses, Jennifer Feuerborn and Dan Jackman, who were present at the scene, would have testified that the unidentified man made two statements: "I will read the literature if you bring it to me," and "Yes, I am inviting you onto the clinic property."  The trial court sustained the State’s objection to this testimony as based on hearsay.

The trial court gave the jury the following instructions:

"A person commits the offense of criminal trespass to real property when he knowingly enters upon the land of another or any part thereof without permission or invitation after receiving, prior to such entry, notice from the owner that such entry is forbidden."

During deliberation the jury sent a question to the court asking, "Under the law, can only the owner of a property or his or her representative have the authority to invite someone on the property?"  Defendant had no objection to a flat answer of "No."  However, the court replied with the following statement: "Permission or invitation may be given by an owner or occupier."  The court refused the defendant’s request to add a definition of the term "occupier."

The jury found the defendant guilty of criminal trespass to property, and the trial court sentenced the defendant to court supervision for 1 year and 30 hours of public service.  The trial court denied the defendant’s posttrial motions, and the defendant filed this timely appeal.  

On appeal, the defendant first argues that the trial court erred by excluding evidence as inadmissable hearsay that an unidentified man invited the defendant onto the property.  The State argues that the trial court did not abuse its discretion in excluding the evidence.  We disagree with the State.

Generally, out-of-court statements offered for the truth of the matter asserted are hearsay statements that are not admissible. 
People v. Jackson
, 293 Ill. App. 3d 1009, 1015 (1997).  However, statements offered for their effect on the listener or to explain the subsequent course of conduct of another are not hearsay.  
People v. Brandon
, 283 Ill. App. 3d 358, 365 (1996).

Here, the State had to prove, in part, that the defendant was given notice that she was not permitted on the property.  720 ILCS 5/21--3 (West 1998).  The State presented evidence that "no trespassing" signs were posted on the property.  However, it is well settled that invitation is an affirmative defense to criminal trespass.  
People v. Smith
, 237 Ill. App. 3d 901, 907 (1992).  Therefore, the defendant should have been permitted to rebut this evidence with testimony that the defendant was invited to enter the property by a person impliedly authorized to extend that invitation.  Here, the defendant testified that an unidentified man invited the defendant to come onto the property to give him literature.  This explains why the defendant entered the property even though the "no trespassing" signs were posted.  The excluded evidence should have been admitted to allow the defendant to prove that the "no trespassing" notice was temporarily suspended for a specific purpose and to establish the defendant’s motive for entering the property, even though the "no trespassing" signs were visible. 

Further, the State concedes that one of the excluded statements of the unidentified man, "I will read the literature if you bring it to me," was not offered for the truth of the matter asserted.  Whether or not the unidentified man actually would have read the literature was not important.  Rather, the statement was being offered for its effect upon the defendant.  Regardless, both statements were offered to rebut the State's contention that the defendant was given notice that the defendant was not permitted on the property.  Thus, the trial court abused its discretion in refusing to admit the testimony.  

The State argues that, even if the unidentified man had invited the defendant onto the property, this would not have been a valid defense because the unidentified man was not an owner or an occupier.  However, the State ignores the fact that the clinic's administrator provided uncontroverted testimony that patients' escorts are allowed to invite people onto the clinic property without violating the "no trespassing" sign.  Just as a person on leased premises at the invitation of a tenant is not a trespasser (
City of Quincy v. Daniels
, 246 Ill. App. 3d 792, 795 (1993)), a person on the premises at the invitation of a person authorized to extend an invitation is also not a trespasser.  Despite the State's assertions, it cites no authority to the contrary.  We have no doubt that the owner or occupier of the clinic could have rescinded the  alleged invitation; however, there is nothing in the record to indicate that the defendant remained on the property after the invitation was rescinded.

The State also argues that the defendant herself testified regarding these alleged statements and, thus, any error in failing to admit the testimony of the two other witnesses was harmless.  The State's assertion is not supported by the record.  There is no transcript of the proceedings at trial; however, the stipulations entered into the record on the defendant's motion and without objection by the State support the defendant's assertion that the trial court barred all evidence regarding the statements of the unidentified man.  However, even if the defendant was permitted to testify regarding these statements, surely the corroborating testimony of two independent witnesses was crucial to the defendant's defense in this case.  Accordingly, the trial court erred by refusing to admit into evidence testimony regarding the statements made by the unidentified man, and the defendant is entitled to a new trial.  
People v. Quick
, 236 Ill. App. 3d 446, 453 (1992).  We note that there was sufficient evidence presented for the jury to find the defendant guilty of the offense so that jeopardy did not attach.  Thus, we reverse and remand this case for a new trial.  See 
People v. Banks
, 281 Ill. App. 3d 417, 421 (1996).

Next, the defendant argues that the trial court erred by instructing the jury that only owners and occupiers could issue an invitation or grant permission to enter the premises.  We agree with the defendant.

A trial court has wide discretion in deciding whether to respond to a jury question.  
Banks
, 281 Ill. App. 3d at 422.  The court has a duty to answer the jury's question if clarification is requested, the original instructions are incomplete, the jurors are confused, or the question concerns a point of law arising from the facts over which doubt or confusion exists.  
Banks
, 281 Ill. App. 3d at 422.  However, in providing an explanation to a jury, a trial court may not misstate the law or infringe on the province of the jury.   
Banks
, 281 Ill. App. 3d at 422.  For example, in 
Banks
, the jury asked for clarification regarding who had the authority to give the defendant permission to enter a home.  The trial court replied that only the owners of the home, the parents of a minor child living in the home, could grant permission.  
Banks
, 281 Ill. App. 3d at 421.  This court held that this explanation improperly excluded the possibility that the parents’ minor daughter could have permitted the defendant to enter the house.  
Banks
, 281 Ill. App. 3d at 422. 

Similarly, in this case, the trial court provided an explanation that excluded the consideration of evidence that a  patient's escort properly gave the defendant permission to enter the clinic property.  Accordingly, on remand, the instructions should inform the jury that patients and their escorts may properly invite persons of their choosing onto the property. 

The State asserts, without citing relevant authority, that only an owner or occupier can invite a person onto property.  We disagree.  The State essentially argues that, as a matter of law, an owner or occupier may not permit guests to invite others onto property and that any invitation extended by another guest authorized to extend an invitation is invalid as a matter of law.  We find this assertion incorrect and unsupportable.  Section 21--3(a)(2) of the Criminal Code of 1961, cited by the State, provides that notice must come from an owner or occupier.  720 ILCS 5/21--3(a)(2) (West 1998).  It does not preclude one invited person from inviting another person onto the property when properly authorized to do so.

Further, the State's citation to 
Williams v. Nagel
, 162 Ill. 2d 542 (1994), is not dispositive.  Unlike 
Williams
, in this case there was no agreement prohibiting the unidentified man from inviting the defendant onto the property for a limited purpose.  In addition, the State's assertion that any invitation given was limited to persons whose purpose was not antagonistic to the interests of the clinic is without support in the record.  The record does not indicate that patients' escorts and companions were routinely screened and asked to leave if they voiced antiabortion opinions or voiced their opinion that clinic fees were too high.  

The judgment of the circuit court of Kane County is reversed, and the cause is remanded for a new trial.

Reversed and remanded.

GEIGER and GROMETER, JJ., concur.