Second Division
December 5, 2006

No. 1-05-2299

| | | |
|---|---|---|
| BANK OF NEW YORK, Acting Solely | ) | Appeal from the |
| as Trustee for | ) | Circuit Court of |
| EQCC Trust 2001-2, | ) | Cook County, |
| | ) | Chancery Division |
|      Plaintiff-Appellee, | ) | |
| | ) | |
| (Sheila Portlock and | ) | |
| Dewey J. Hall, | ) | |
| Intervenors-Appellees). | ) | |
| | ) | |
|   v. | ) | No. 03 CH 12460 |
| | ) | |
| UNKNOWN HEIRS AND LEGATEES, if any, | ) | Honorable |
| of Ruth Hatch a/k/a Ruth Slater, | ) | Martin S. Agren |
| UNKNOWN OWNERS, and NONRECORD | ) | Judge Presiding |
| CLAIMANTS, | ) | |
| | ) | |
|      Defendants-Appellants | ) | |

JUSTICE HALL delivered the opinion of the court:

Defendant Jesse M. Hatch appeals, *pro se*, the trial court's order granting the motion to reconsider of plaintiff, Bank of New York, acting solely in its capacity as trustee for EquiCredit Corporation(EQCC) Trust 2001-2, and the motion to vacate of intervenors Sheila Portlock and Dewey J. Hall. For the reasons that follow, we reverse and remand.

This appeal arises from proceedings relating to a foreclosure complaint filed by plaintiff bank. On July 28, 2003, plaintiff filed a complaint to foreclose a mortgage secured by residential property of the decedent Ruth Hatch, also known as

1-05-2299

Ruth Slater.

The complaint named as defendants the unknown heirs and legatees, if any, of Ruth Hatch, a/k/a Ruth Slater, unknown owners and nonrecord claimants. On November 7, 2003, plaintiff filed an affidavit as required by section 2-206(a) the Code of Civil Procedure (Code) (735 ILCS 5/2-206(a) (West 2004)), for service by publication. Plaintiff then served the unknown heirs of Ruth Hatch by publication in the Chicago Daily Law Bulletin on November 11, 18, 25, 2003.

On December 4, 2003, defendant, an inmate currently serving a natural-life sentence at the Joliet Correctional Center, filed a *pro se* motion[1] to dismiss the foreclosure complaint, alleging that he was one of Ruth Hatch's heirs (her son) and that service by publication was insufficient as to him because plaintiff failed to conduct a proper investigation to locate his whereabouts and effect personal service upon him prior to service by publication. Attached to the motion was an affidavit from defendant averring that he mailed a copy of the motion to plaintiff's attorneys' office.

On December 8, 2003, defendant wrote the clerk of the court inquiring as to the status of his motion to dismiss. On December

_____

[1] In his *pro se* appellant brief, defendant maintains he filed all his pleadings from prison.

-2-

12, 2003, another of Ruth Hatch's sons, Hosie Hatch, filed an answer and appearance, along with an application to sue or defend as an indigent person.

On January 14, 2004, plaintiff mailed defendant a notice of motion advising him that the case was set for hearing in February 2004, at which time plaintiff would move for entry of orders for summary judgment, default, judgment of foreclosure and sale, and appointment of a foreclosure sale officer.

On February 3, 2004, defendant filed a supplemental motion to dismiss for insufficiency of service of process. In the supplemental motion, defendant argued that plaintiff's pleadings were not signed by an attorney of record and therefore should be stricken. He also argued that the action should be dismissed because the insufficient service defrauded defendants out of their right to be served with copies of the summons and complaint thereby preventing them from setting forth reasonable and informed answers and defenses.

On February 5, 2004, at a hearing on plaintiff's motion for judgment of foreclosure and sale, counsel for defendant's brother, Elijah R. Hatch, was granted leave to file substitute appearance on his behalf and given seven days to answer or otherwise plead. The matter was then continued to February 26, 2004.

1-05-2299

On February 26, 2004, a judgment for foreclosure and sale and related orders were entered. On the same date, the trial court also entered summary judgment in favor of plaintiff and against Hosie Hatch and Elijah R. Hatch. The trial court entered the judgment for foreclosure and sale without ruling upon defendant's prior motion to dismiss and supplemental motion to dismiss.

Elijah R. Hatch was appointed the supervised administrator of Ruth's estate on April 8, 2004. On May 28, 2004, defendant again wrote the clerk of the circuit court inquiring as to whether his *pro se* motions to dismiss had been ruled upon and if not, to alert the trial court to his inquiry and request for a ruling in the matter.

On July 13, 2004, the subject property was sold at auction to third-party bidder Thuruthikara Kurian for an amount in excess of the debt secured by the property. The judicial sale was approved by the trial court on August 19, 2004, with a 30-day stay on possession.

On September 7, 2004, defendant filed a motion to vacate the judgment of foreclosure and sale. On October 15, 2004, he filed a motion for hearing and/or ruling upon his motion for relief from judgment. The trial court maintained it first became aware of defendant's existence the first week of November 2004, when a

-4-

letter from defendant postmarked September 28, 2004, made its way to the court.

On December 16, 2004, Thuruthikara Kurian sold the subject property to Sheila Portlock and Dewey J. Hall pursuant to a warranty deed.

On February 8, 2005, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2002)), the trial court granted defendant's motion for relief from judgment on the grounds that plaintiff failed in its obligation to make the court aware of defendant's existence. The trial court determined that plaintiff knew of defendant's existence prior to the judgment of foreclosure and sale, and as early as December 4, 2003, when it received defendant's pleadings, and yet had failed to serve defendant personally, make him a party defendant, or make the court aware of his existence. The trial court then vacated the judgment of foreclosure and sale declaring it void *ab initio*.

In response, the plaintiff filed a motion to reconsider, and the purchasers Sheila Portlock and Dewey J. Hall were granted leave to intervene and to file their motion to vacate.

On May 31, 2005, the trial court granted the plaintiff's motion to reconsider and the intervenors' motion to vacate. The trial court determined that the intervenors' interest in the

1-05-2299

subject property was protected by section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2002)), which protects *bona fide* purchasers of property from the effects of an order setting aside a judgment affecting title to the property if the purchasers were not parties to the original action and a lack of jurisdiction did not affirmatively appear in the record. Defendant now appeals.

ANALYSIS

As an initial matter, plaintiff requests that we strike defendant's brief because its length exceeds that allowed by Supreme Court Rule 341(a) (see Official Reports Advance Sheet No. 21 (October 17, 2001), R. 341(a), eff. October 1, 2001). In light of defendant's *pro se* status and our desire to decide this case on the merits rather than a technicality, we decline plaintiff's request.

Turning to the merits, defendant raises a number of issues on appeal. However, based on our disposition of the case, we need only address one issue: whether the trial court obtained personal jurisdiction over defendant by publication prior to entry of the judgment of foreclosure and sale. For the reasons that follow, we find that the trial court failed to obtain such personal jurisdiction over defendant, and therefore, we reverse and remand.

In the trial court's order granting the plaintiff's motion

to reconsider and the intervenors' motion to vacate, the court claimed to have properly obtained personal jurisdiction over defendant by relying on service by publication pursuant to section 2-206(a) of the Code (735 ILCS 5/2-206(a) (West 2004)).

Personal jurisdiction acquired by means of publication is only allowed in certain limited cases and then only after strict compliance with the statutory prerequisites governing such service. *Bell Federal Savings & Loan Association v. Horton*, 59 Ill. App. 3d 923, 926, 376 N.E.2d 1029 (1978). In order for a trial court to obtain personal jurisdiction over a defendant by publication, section 2-206(a) of the Code requires a plaintiff to file an affidavit stating that the defendant "on due inquiry cannot be found *** so that process cannot be served upon him or her" and "stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained." 735 ILCS 5/2-206(a) (West 2004). Thus, due inquiry and due diligence are statutory prerequisites for service by publication. *Home State Savings Association v. Powell*, 73 Ill. App. 3d 915, 917, 392 N.E.2d 598 (1979).

Our courts have determined that these statutory prerequisites are not intended as *pro forma* or useless phrases requiring mere perfunctory performance, but, on the contrary,

require an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit. See *Graham v. O'Connor*, 350 Ill. 36, 41, 182 N.E. 764 (1932); *City of Chicago v. Leakas*, 6 Ill. App. 3d 20, 27, 284 N.E.2d 449 (1972). Where the efforts to comply with these statutory provisions have been casual, routine, or spiritless, service by publication is not justified. *Home State Savings Association*, 73 Ill. App. 3d at 917; *Bell Federal Savings & Loan Association*, 59 Ill. App. 3d at 927.

A defendant may challenge a plaintiff's section 2-206(a) affidavit by filing an affidavit showing that upon due inquiry, he could have been found. *Household Finance Corp. III v. Volpert*, 227 Ill. App. 3d 453, 455, 592 N.E.2d 98 (1992). Upon such a challenge, a plaintiff must produce evidence establishing due inquiry. *First Bank & Trust Co. v. King*, 311 Ill. App. 3d 1053, 1056, 726 N.E.2d 621 (2000).

The record in this case reveals that no more than a cursory inquiry was made prior to plaintiff filing the affidavit for service by publication. The record indicates that plaintiff was in contact with at least two of the decedent's heirs, Hosie Hatch and Elijah R. Hatch, yet failed to question either of them as to defendant's existence or whereabouts prior to seeking service by publication.

Plaintiff clearly failed to exercise the due inquiry and diligence required by section 2-206(a) to permit service by publication upon defendant. See *Bell Federal Savings & Loan Association*, 59 Ill. App. 3d at 927 (diligent inquiry required plaintiff to, among other things, make inquiries of defendants' neighbors). Moreover, the trial court found that plaintiff knew of defendant's existence prior to the judgment of foreclosure and sale, as early as December 4, 2003, when it received defendant's pleadings, and yet failed to serve defendant personally, make him a party defendant, or make the court aware of his existence. Plaintiff's affidavit for service by publication does not affirmatively establish due inquiry and diligence, and was therefore insufficient to give the trial court personal jurisdiction over defendant.

We also find the trial court erred in holding that the intervenors were *bona fide* purchasers of the subject property entitled to protection under section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2002)). The trial court found that the intervenors' interest in the subject property was protected by section 2-1401(e) of the Code, which protects *bona fide* purchasers of property from the effects of an order setting aside a judgment affecting title to the property if the purchasers were not parties to the original action and a lack of jurisdiction did

not affirmatively appear from the record. We disagree with the trial court's finding on this issue, because the lack of jurisdiction affirmatively appears in the record such that the sale of the subject property to the intervenors should be set aside.

In determining whether a lack of jurisdiction is apparent from the record, reviewing courts look to the whole record, which includes the pleadings, the return on process, the jury verdict, and the court's judgment or decree. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 313, 497 N.E.2d 1156 (1986). In this case, the lack of jurisdiction affirmatively appears in the record in the form of plaintiff's defective affidavit and the allegations set forth in defendant's motions to dismiss for insufficiency of service, which were sufficient to put the intervenors on notice that service by publication on defendant might have been improper. A subsequent purchaser cannot be a *bona fide* purchaser for value if he has actual or constructive notice of the outstanding rights of other parties. *City of Chicago v. Cosmopolitan National Bank*, 120 Ill. App. 3d 364, 367, 458 N.E.2d 11 (1983). Moreover, a purchaser having notice of facts that would put a prudent man on inquiry is chargeable with knowledge of other facts he might have discovered by diligent inquiry. *In re Application of County Treasurer*, 30 Ill. App. 3d

1-05-2299

235, 240, 332 N.E.2d 557 (1975).

In the case at bar, the intervenors had constructive notice of defendant's interest in the subject property. The intervenors were bound to inquire into the nature and extent of the defendant's interest.

In conclusion, we find that the trial court failed to obtain personal jurisdiction over defendant by publication prior to entering the judgment of foreclosure and sale, and therefore the judgment was void *ab initio*. See *In re Marriage of Schmitt*, 321 Ill. App. 3d 360, 367, 747 N.E.2d 524 (2001) (where a trial court does not have personal jurisdiction over a party, any order or judgment entered against him is void *ab initio* and subject to direct or collateral attack at any time). In addition, the intervenors' interests in the subject property was not protected by section 2-1401(e) of the Code because a lack of jurisdiction affirmatively appears from the record. See *Pruitt v. Jockisch*, 228 Ill. App. 3d 295, 304, 591 N.E.2d 942 (1992) (protection under section 2-1401(e) of the Code is not available where a lack of jurisdiction affirmatively appears from the record). Consequently, we find that the trial court erred in granting the plaintiff's motion to reconsider and the intervenors' motion to vacate.

Accordingly, the judgment of the circuit court of Cook

1-05-2299

County is reversed and the cause remanded to the court for further proceedings consistent with the views expressed herein.

Reversed and remanded.

WOLFSON, P.J., and SOUTH, J., concur.