# Illinois Official Reports

## Appellate Court

*Neighborhood Lending Services, Inc. v. Griffin*, 2018 IL App (1st) 162855

| | |
|---|---|
| Appellate Court Caption | NEIGHBORHOOD LENDING SERVICES, INC., Plaintiff-Appellee, v. KATHY GRIFFIN, a/k/a Kathryn Griffin; MARK P. THOMAS; NEIGHBORHOOD LENDING SERVICES, INC.; ILLINOIS HOUSING DEVELOPMENT AUTHORITY; NEIGHBORHOOD HOUSING SERVICES OF CHICAGO, INC.; and UNKNOWN OWNERS AND NONRECORD CLAIMANTS, Defendants (Kathy Griffin, a/k/a Kathryn Griffin, and Mark P. Thomas, Defendants-Appellants). |
| District & No. | First District, Fourth Division<br>Docket No. 1-16-2855 |
| Filed | March 15, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 14-CH-12857; the Hon. Darryl B. Simko, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Bardia Fard, of The Law Center, LLC, of Chicago, for appellants.<br><br>Phil Schroeder, of McCalla Raymer Leibert Pierce, LLC, of Chicago, for appellee. |

| Panel | JUSTICE GORDON delivered the judgment of the court, with opinion. |
| | Justices McBride and Ellis concurred in the judgment and opinion. |

**OPINION**

¶ 1        The instant appeal arises from a mortgage foreclosure action filed against defendants Kathy Griffin and Mark P. Thomas[1] by plaintiff Neighborhood Lending Services, Inc. Plaintiff attempted to serve defendant personally, but Griffin, defendant's wife, informed the process server that defendant did not live at the residence and would provide no information as to how to reach him. Plaintiff then sought to serve defendant by publication, which it was granted leave to do. Eventually, a default judgment was entered against all defendants. Over a year later, defendant appeared and filed a motion to quash service, which was denied, and the trial court ultimately entered an order approving the sale of the property. Defendant appeals, arguing that his motion to quash was improperly denied. For the reasons that follow, we affirm.

¶ 2                                        BACKGROUND

¶ 3        On August 7, 2014, plaintiff filed a complaint of foreclosure against Griffin and defendant, alleging that Griffin was in default on a mortgage on real property located on South Racine Avenue in Chicago (Racine property). Defendant was named in the lawsuit "by virtue of the fact that, upon information and belief, he/she/they may have some interest in the subject real estate" that was inferior to plaintiff's interest.[2]

¶ 4        On September 2, 2014, plaintiff filed an affidavit for service by publication pursuant to section 2-206 of the Code of Civil Procedure (Code) (735 ILCS 5/2-206 (West 2012)). As this document serves as the basis for defendant's appeal, we describe it, and the other documents concerning service, in detail. The affidavit was certified under section 1-109 of the Code (735 ILCS 5/1-109 (West 2012)) by one of plaintiff's attorneys and averred that "[t]his Affidavit is made upon information and belief." The attorney averred that defendant "cannot be found on diligent inquiry so that process cannot be served upon [him]" and listed the last known address of defendant as the Racine property address. Accordingly, plaintiff requested that the clerk of the court publish a notice of pendency of action in accordance with section 2-207 of the Code (735 ILCS 5/2-207 (West 2012)) and to mail copies of such notice in accordance with section 2-206 of the Code.

¶ 5        Plaintiff also filed an affidavit of the special process server, which was certified under section 1-109 of the Code by Ed Tomaszek, a process server with ProVest, LLC (ProVest), a

---

[1]While the same law firm entered appearances on behalf of both Griffin and Thomas on appeal, its brief states that the firm is "Attorney for Mark P. Thomas," and the brief refers only to Thomas and involves only issues relating to Thomas. Accordingly, we refer to Thomas as "defendant" and refer to Griffin by name where necessary.

[2]The record reveals, and the parties do not dispute, that Griffin and defendant are married.

licensed private detective agency,[3] and was notarized. Tomaszek averred that he attempted to serve defendant at the Racine property at 9:35 a.m. on August 9, 2014, but was unable to serve defendant because "Kathy Griffin said defendant doesn't live here and refused any information." The affidavit also described the Racine property as "single family, 1.5 story brick and frame, attached garage, not for sale, utilities on."

¶ 6        Additionally, plaintiff filed[4] an affidavit of Kim Carpintier of ProVest, which was notarized and averred that, "[o]n 08/13/2014, I performed a diligent inquiry to discover the place of residence of the Subject/Defendant named below by doing the acts which are described with particularity below. Upon diligent inquiry by me, the Affiant, the place of residence of the Subject/Defendant cannot be ascertained." The affidavit listed defendant's name as the "Subject/Defendant Name" and the Racine property address as the "Last Known Address of Subject/Defendant." Carpintier then averred that, using defendant's Social Security number, Carpintier located the Racine property address, and a review of defendant's credit file revealed the same address; there was no record found in an employment comprehensive database search. Carpintier then averred that she performed a directory assistance search that indicated that there was no telephone listing for defendant in Chicago, his last known city. Carpintier also averred that a driver's license search revealed no current record for Wisconsin or Illinois and a motor vehicle comprehensive database search revealed that defendant did not have current ownership of a vehicle in the State of Illinois. Carpintier also averred that she had performed the following inquiries, all of which resulted in no record found: (1) vessel search, (2) voter registration (national and state databases), (3) Department of State (professional licenses), (4) nationwide masterfile death search (Social Security Death Index), (5) nationwide aircraft search, (6) nationwide pilot search, (7) Illinois Department of Corrections, (8) Freedom of Information Act inquiry to United States Postal Service, (9) Cook County jail search, and (10) federal prison search. Carpintier also attempted to contact defendant via telephone on August 11, 2014: one phone number was disconnected, while a second phone number had a "generic voicemail," on which Carpintier left a message. Finally, Carpintier averred that, on August 11, 2014, she had performed searches of three social networks: (1) a LinkedIn search, in which Carpintier was unable to verify whether the provided results were those of defendant since no place of employment was listed in the investigative report; (2) a Facebook search, in which there was no verifiable information found and Carpintier was unable to determine if the remaining records pertained to defendant; and (3) a Google search, which provided no additional information and Carpintier was unable to determine if the remaining records pertain to defendant.

---

[3]Plaintiff's law firm had previously obtained a standing order from the trial court appointing ProVest, along with two other private detective agencies, as standing special process servers for purposes of service of process in mortgage foreclosure cases.

[4]The affidavit filed September 2, 2014, appears to contain a page that is not included in the record on appeal. The identical affidavit was also filed on September 9, 2014, and contains a page that is absent from the initial version. The second page of the September 2 affidavit is also missing a Bates stamp. The information we relate comes from the September 9 version of this document, which appears to be the complete version. Defendant does not raise any arguments as to this missing page on appeal, and there is no suggestion that the complete affidavit was not filed on September 2. Indeed, defendant's motion to quash contains the complete affidavit as an exhibit to the motion.

¶ 7 On September 11, 2014, plaintiff filed a certification from the clerk of the circuit court of Cook County that on September 3, 2014, a copy of the notice had been mailed to defendant at the Racine property address. On September 17, 2014, plaintiff filed a certification from the Law Bulletin Publishing Co. that the notice had been published in the Chicago Daily Law Bulletin on September 2, 9, and 16, 2014.

¶ 8 On November 12, 2014, plaintiff filed a motion for an order of default against all defendants, as no appearances had been filed in the case. On the same day, plaintiff filed a motion for a judgment of foreclosure and sale. On December 1, 2014, the trial court entered an order, finding all defendants in default, and also entered a judgment of foreclosure and sale.

¶ 9 Plaintiff mailed a notice of sale to defendant at the Racine property address on February 5, 2015, which provided that the Racine property would be sold at public auction on March 10, 2015; this sale presumably did not occur, as the record contains a second notice of sale that was mailed to defendant at the Racine property address on June 24, 2016, which provided that the Racine property would be sold at public auction on July 26, 2016.

¶ 10 On August 8, 2016, an attorney entered an appearance on behalf of defendant and Griffin. On August 9, 2016, defendant filed a "Motion (I) to Quash Service of Process or (II) in Alternative, Motion to Vacate Default Order." Defendant claimed that he was not properly served because plaintiff had failed to comply with the requirements for service by publication under section 2-206 of the Code and had failed to satisfy the requirements of Cook County Circuit Court Rule 7.3. As such, defendant claimed there was no jurisdiction over him. As relevant to the issues raised on appeal, defendant claimed that plaintiff had failed to conduct due inquiry or due diligence, as statutorily required, resorting to service by publication 26 days after the complaint was filed and after only one attempt at personal or substitute service. Defendant argued:

"Because Plaintiff failed to exercise any due inquiry or diligence, it failed to discern the following very simple, clear, and *public* facts that:

a. Defendant has resided at the Property since 2003. The affidavit of Mark P. Thomas and Kathy Griffin are attached hereto respectively as Exhibits D, E.

b. Defendant was residing at the Property at the time ProVest Services LLC attempted to serve him and at the time publication service was allegedly effectuated. Exhibit D, ¶ 3; Exhibit E, ¶ 3.

c. Defendant's name is physically located on the mailbox to the property. Exhibit D, ¶¶ 4-6; Exhibit E, ¶¶ 4-6." (Emphasis in original.)

In the alternative, defendant requested that the trial court vacate the default against him, arguing that he had meritorious defenses to the foreclosure action. The referenced exhibits D and E, which are purportedly affidavits from defendant and Griffin, are not contained in the record on appeal.[5]

_____

[5]Defendant claims that there was a computer system error that resulted in these exhibits not being made part of the record on appeal and requested leave to supplement the record with the missing exhibits. We granted defendant leave to file a supplemental record on September 28, 2017, but defendant has not filed a supplemental record. As we explain in our analysis, however, even if these documents were included in the record, it would make no difference in the result.

¶ 11    On August 12, 2016, plaintiff filed a motion for an order approving the report of sale and distribution and for an order of possession, claiming that a judicial sale was held on July 26, 2016, at which plaintiff was the highest bidder.

¶ 12    On August 25, 2016, the trial court entered an order denying defendant's motion to quash or, in the alternative, to vacate the default; defendant has appealed only the denial of the motion to quash and has not appealed the denial of the motion to vacate the default. The record contains a bystander's report indicating that, at the August 25, 2016, hearing on defendant's motion, defendant's counsel requested an evidentiary hearing "to address questions of fact raised by the Plaintiff's counsel and the court," which was denied.[6]

¶ 13    On October 4, 2016, the trial court entered an order approving the report of sale and distribution and granting plaintiff possession. This appeal follows.

¶ 14                                    ANALYSIS

¶ 15    On appeal, defendant claims that plaintiff failed to comply with the requirements for service by publication by failing to demonstrate both due inquiry in ascertaining defendant's whereabouts and diligent inquiry in ascertaining defendant's residence. In the alternative, defendant argues that the trial court should have conducted an evidentiary hearing on the motion to quash.

¶ 16    In order to enter a valid judgment, the trial court must have jurisdiction over both the subject matter and the parties. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. A judgment entered by a court without jurisdiction is void and may be challenged at any time. *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 17. "The question of whether the circuit court had personal jurisdiction over a party is a question of law that is generally reviewed *de novo*." *Thompson v. Ross Dialysis-Englewood, LLC*, 2017 IL App (1st) 161329, ¶ 14; *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 17; see also *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 25 ("Where, as here, the circuit court's denial of a motion to quash service is based on documentary evidence only, our review on appeal is *de novo*."). *De novo* consideration means we perform the same analysis that a trial judge would perform. *People v. McDonald*, 2016 IL 118882, ¶ 32.

¶ 17    "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *BAC Home Loans Servicing*, 2014 IL 116311, ¶ 18. In the case at bar, defendant was served by publication pursuant to section 2-206 of the Code. "Section 2-206(a) of the Code [citation] allows a plaintiff to serve process on a defendant by publication in limited cases where the plaintiff has strictly complied with the requirements for such service." *TCF National Bank*, 2016 IL App (1st) 152083, ¶ 28. Section 2-206(a) provides, in relevant part:

    "Whenever, in any action affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or rescission

---

[6]It is not clear whether this is a properly-filed bystander's report. Illinois Supreme Court Rule 323(c) (eff. Dec. 13, 2005) requires a bystander's report to be approved and certified by the trial court, which does not appear to have been done in the instant case. Illinois Supreme Court Rule 323(d) (eff. Dec. 13, 2005) permits an agreed statement of facts to be filed without certification; the bystander's report filed in the instant case contains signatures of two attorneys, one of which is defendant's counsel. It is unclear whether the second signature belongs to an attorney representing plaintiff.

of a contract for the conveyance of land, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2012).

¶ 18        Additionally, the circuit court of Cook County has adopted a local rule that further expands on the requirements of section 2-206(a):

"Pursuant to 735 ILCS 5/2-206(a), due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits for service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as circumstances permit prior to placing any service of summons by publication." Cook County Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 19        "Although the Code contemplates service by publication, our court long ago recognized that such service is 'an extraordinary means of serving notice—one unknown to the common law' and that, from the perspective of the person to be notified, it is the 'least satisfactory method' of giving notice and 'often it is no notice at all.' " *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 13 (quoting *Public Taxi Service, Inc. v. Ayrton*, 15 Ill. App. 3d 706, 713 (1973)). Therefore, "a party defending notice by publication must demonstrate strict compliance with every requirement of the statute, including due diligence and due inquiry." *TCF National Bank*, 2016 IL App (1st) 152083, ¶ 30 (citing *BankUnited v. Velcich*, 2015 IL App (1st) 132070, ¶ 30).

¶ 20        In the case at bar, defendant argues that plaintiff failed to establish that it had conducted either due inquiry or due diligence, pointing to the fact that plaintiff made only one attempt to personally serve him and moved for service by publication only 23 days later. We do not find this argument persuasive. "Our courts have determined that these statutory prerequisites [of due inquiry and due diligence] are not intended as *pro forma* or useless phrases requiring mere perfunctory performance but, on the contrary, require an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit." *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 476 (2006). "Where the efforts to comply with these statutory provisions have been casual, routine, or spiritless, service by publication is not justified." *Bank of New York*, 369 Ill. App. 3d at 476.

¶ 21        Here, we cannot find that plaintiff engaged in "casual, routine, or spiritless" (*Bank of New York*, 369 Ill. App. 3d at 476) efforts to comply with the statutory requirements. The affidavit of Tomaszek established that on August 9, 2014, he attempted to serve defendant at the Racine property but was unable to serve defendant because "Kathy Griffin said defendant doesn't live here and refused any information." Carpintier averred in her affidavit that she then performed a number of searches for defendant's address, which revealed either no results or the Racine property address, and also attempted to contact defendant twice by telephone. The documents submitted by plaintiff thus establish that the process server was personally in contact with

defendant's spouse at the Racine property and that defendant's spouse informed the process server that defendant did not live there and refused to provide any additional information. Upon conducting further searches, the process server was unable to discover any other possible address for defendant. This is not a case in which an unidentified neighbor in a multiunit building told the process server that " 'he heard' " that defendant had vacated the premises, such that further inquiry into the veracity of that statement might be necessary. See *JPMorgan Chase Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 53. This is a case in which the defendant's spouse—a resident of the single-family home at issue—directly informed the process server that defendant did not reside at that address and no alternate address could be found.

¶ 22   Defendant's argument that he could have been found had plaintiff conducted a diligent search only serves to strengthen plaintiff's argument. Defendant argues that his and Griffin's affidavits establish that defendant did, in fact, reside at the Racine property at the time service was attempted and had done so since 2003. "A defendant may challenge a plaintiff's section 2-206(a) affidavit by filing an affidavit showing that upon due inquiry, he could have been found." *Bank of New York*, 369 Ill. App. 3d at 476; *TCF National Bank*, 2016 IL 152083, ¶ 31. First, as noted, the affidavits are not properly before this court, as defendant never supplemented the record with them. However, even if they were before this court, they would not be helpful to defendant's argument. These affidavits only show that, upon due inquiry, plaintiff had discovered the correct address for defendant and, despite Griffin's representations to the process server, he actually lived at the address at which plaintiff had attempted service. The affidavits do nothing to refute the process server's statement that Griffin had informed the process server that defendant did not live there and do nothing to indicate that defendant could have been successfully served if plaintiff had acted with due diligence. "[W]here plaintiff resided at the time of service is not at issue, rather whether plaintiff diligently attempted to serve defendant is the issue." *TCF National Bank*, 2016 IL 152083, ¶ 34.

¶ 23   Indeed, it is not clear what defendant thinks would have occurred with more visits to the Racine property—would Griffin have truthfully informed the process server that defendant lived at that address and accepted service on his behalf? Would the process server have happened upon defendant opening the door himself and been able to serve him personally? Here, as noted, defendant's spouse directly informed the process server that defendant did not reside at the Racine property. There is no reason to believe that subsequent visits would have yielded any different results, and defendant points to nothing requiring the process server to repeatedly engage in knowingly futile visits before attempting a different method of service. Accordingly, we cannot find that the trial court erred in permitting service by publication in this instance.

¶ 24   We are also unpersuaded by defendant's argument that the trial court should not have considered the process server's statement that "Kathy Griffin said defendant doesn't live here and refused any information," which defendant claims was "textbook hearsay." This statement was not hearsay. Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Ill. R. Evid. 801(c) (eff. Jan. 1, 2011). "[I]t is axiomatic that an out-of-court statement that is offered into evidence for reasons *other* than to prove the truth of the matter asserted is not hearsay." (Emphasis in original.) *People v. Darr*, 2018 IL App (3d) 150562, ¶ 53. In the case at bar, the "statement" that Griffin made was that "defendant doesn't live here." This statement was not

used for its truth but was used for its effect on the listener—it provides the reason why the process server did not attempt service again. "[S]tatements offered for their effect on the listener or to explain the subsequent course of conduct of another are not hearsay." *People v. Carroll*, 322 Ill. App. 3d 221, 223 (2001). Defendant acknowledges in his brief that "if Tomaszek's testimony was offered for the purpose of establishing that 'Kathy Griffin said [that] defendant [Mark Thomas] doesn't live here [at the Property]', it was clearly admissible." Here, it appears to have been offered in order to establish plaintiff's due diligence in attempting to serve defendant, and for that purpose, the trial court properly considered it.

¶ 25    Finally, defendant argues in the alternative that the trial court should have granted an evidentiary hearing on his motion to quash. However, "an evidentiary hearing is warranted only '[i]f the defendant is able to present a significant issue with respect to the truthfulness of the affidavit filed by the plaintiff's agent for service by publication.' " *TCF National Bank*, 2016 IL 152083, ¶ 38 (quoting *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18). In the case at bar, defendant claims an evidentiary hearing should have been held to determine (1) whether defendant lived at the Racine property at the time service was attempted and (2) "whether Plaintiff's Affidavit for Publication [citation] and Rule 7.3 Affidavit [citation] filed on September 2, 2014 at *11:40 a.m.* were filed *prior to* service by publication on September 2, 2014 (arguably the publication was circulated early in the morning when newspapers are generally printed/delivered)." (Emphases in original.) Neither of these arguments warrants an evidentiary hearing.

¶ 26    First, as noted, it is irrelevant whether defendant *actually* lived at the Racine property at the time service was attempted. The question is whether plaintiff diligently attempted to find defendant to serve him personally. See 735 ILCS 5/2-206(a) (West 2012) ("plaintiff or his or her attorney shall file *** an affidavit showing that the defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her"). Defendant has not presented "a significant issue with respect to the truthfulness" (*Citimortgage*, 2012 IL App (1st) 102438, ¶ 18) of the process server's affidavit with respect to the issues of whether Griffin told the process server that defendant did not reside at the Racine property or whether the process server's efforts to find a different address for defendant were sufficient. Accordingly, an evidentiary hearing on the question of defendant's actual residence was not warranted.

¶ 27    As to defendant's second argument about the timing of the publication, this issue was not raised before the trial court and is therefore forfeited on appeal. See *Cholipski v. Bovis Lend Lease, Inc.*, 2014 IL App (1st) 132842, ¶ 58 ("Issues not raised in the trial court are waived and may not be raised for the first time on appeal." (Internal quotation marks omitted.)). Furthermore, plaintiff does not point to any authority stating that plaintiff's affidavits must be filed prior to the publication of the notice. Section 2-206(a) of the Code and local rule 7.3 are concerned with when the inquiries as to a defendant's whereabouts were made, not the date when the affidavits relating those efforts were filed. Finally, even if there was such a requirement, plaintiff has provided no affidavit or other evidence that the notice was published prior to the affidavits being filed and only relies on speculation as to the Law Bulletin's publishing schedule. Consequently, we cannot find an evidentiary hearing was warranted on this question.

## CONCLUSION

For the reasons set forth above, the trial court properly denied defendant's motion to quash service where defendant's spouse had affirmatively informed the special process server that defendant did not reside at the property and the property address was the only address discovered for defendant after a comprehensive search.

Affirmed.