2020 IL App (1st) 191468

FOURTH DIVISION
December 4, 2020

No. 1-19-1468

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| DEEPHAVEN MORTGAGE LLC, | ) ) ) | Appeal from the Circuit Court of Cook County |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | |
| KERRY JONES, HOSANNA JONES, and UNKNOWN OWNERS AND NONRECORD CLAIMANTS | ) ) ) | No. 18 CH 7553 |
| Defendants | ) ) ) | |
| (Hosanna Jones, Defendant-Appellant). | ) ) ) | Honorable Edward N. Robles, Judge Presiding. |

JUSTICE REYES delivered the judgment of the court, with opinion.
Justices Hall and Lampkin concurred in the judgment and opinion.

**OPINION**

¶ 1    In this mortgage foreclosure action, plaintiff, Deephaven Mortgage LLC, served process

on defendant, Hosanna Jones, by publication.[1] When the defendant did not appear or answer, the

circuit court entered a default judgment and ordered a judicial sale of defendant's property. The

property was then sold at a judicial sale, and that sale was subsequently confirmed by the circuit

---

[1]The record discloses that after service by publication in July 2018, defendant divorced codefendant Kerry Jones and changed her name to Hosanna Mahaley.

court. The day after the sale was confirmed, defendant filed a motion to quash the service of process by publication. After the matter was fully briefed and argued, the circuit court denied the motion to quash. Defendant now appeals *pro se*, arguing that the circuit court erred when it denied her motion to quash because plaintiff did not meet the requirements for service by publication. She further maintains, in the alternative, that the matter should be remanded for the circuit court to hold an evidentiary hearing. For the reasons which follow, we affirm.

¶ 2                                    BACKGROUND

¶ 3      This matter commenced as a mortgage foreclosure action pursuant to the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1501 *et seq.* (West 2018)). Plaintiff filed a complaint on June 15, 2018, alleging defendant and her codefendant Kerry Jones were in default for failure to make payments toward the mortgage on the property located at 1419 E. 156th Street in Dolton, Illinois (subject property). Copies of the mortgage and note were attached to the complaint. The mortgage listed defendant by the name "Hosanna Jones" and indicated that the property was not owner occupied. The note was signed by Kerry Jones.

¶ 4      On July 25, 2018, process server Mark Skrzydlak (Mark) filed an affidavit for service by publication pursuant to section 2-206 of the Code of Civil Procedure (Code) (735 ILCS 5/2-206 (West 2018)). In the affidavit, Mark averred that he had made "a diligent inquiry as to the whereabouts of Hosanna Jones" and that "upon my diligent inquiry, the place of residence of Hosanna Jones cannot be ascertained and/or their last known place of residence is [the subject property address]." According to Mark, "Hosanna Jones resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this state, so that process cannot be served upon them." Plaintiff's counsel also filed a similar affidavit pursuant to section 2-206 of the Code.

¶ 5     In addition, Mark executed an affidavit pursuant to Cook County Circuit Court Rule 7.3 (Cook County Cir. Ct. R. 7.3 (Oct. 1, 1996)) in which he attested that he performed a "diligent search and inquiry to discover the name and residence of Hosanna Jones by the following acts set forth below." The local rule 7.3 affidavit indicated that Mark utilized Clear-Thomson-Reuters to conduct an inquiry into defendant. According to the affidavit, Clear-Thomson-Reuters is a private database that utilizes thousands of different public records databases and other resources. Mark attested that a review of the search results revealed no additional addresses outside of the addresses attempted. The Clear-Thomson-Reuters search of the following failed to provide any "recent viable new address outside of the attempted addresses": local and federal prisons, telephone directories, vehicle registrations, death records, other records associated with defendant's social security number, utility services, business registrations, driver's licenses, foreclosures, watercraft, Federal Aviation Administration aircraft registrations, unclaimed assets, criminal records and traffic citations, arrests, infractions, Uniform Commercial Code filings, bankruptcies, liens and judgments, lawsuits, dockets, military records, licenses, business affiliations, political donations, voter registrations, marriages, divorces, and real property ownership and deed transfers.

¶ 6     In addition to the local rule 7.3 affidavit, plaintiff filed numerous additional affidavits detailing attempted service of process on defendant at six different addresses. In the first affidavit, special process server Ania Skrzydlak (Ania) averred that she attempted to serve defendant at the subject property address on June 20, 2018, but was unsuccessful. Ania stated in her affidavit that she spoke with two tenants of the four-unit building and they indicated they did not know anyone by the name of Kerry Jones or Hosanna Jones. She further averred that defendant's name did not appear on any of the mailboxes.

¶ 7    In a second affidavit, Ania averred that she attempted to serve defendant at an address on Ring Road in Calumet City, Illinois, on June 25, 2018, but was unsuccessful because the address was a post office. Ania also executed a third affidavit in which she attested she attempted to serve defendant at a property on Luella Avenue in Calumet City, Illinois, on July 5, 2018, but was unsuccessful. Ania averred she spoke to a tenant of the building who indicated that defendant was the owner of the property and did not reside there. Ania inquired of the tenant where the owners could be found, and the tenant replied that they did not know. In her fourth affidavit, Ania averred that she went to a property on Downs Drive in Calumet City, Illinois, on July 5, 2018, seeking defendant but, again, was unsuccessful. Ania averred that this property was a boarded-up apartment building.

¶ 8    Ryan Roman, a licensed private investigator, averred he attempted to serve defendant on July 11, 2018, at 901 N. Michigan Avenue in Chicago, but that address did not exist.

¶ 9    Mark averred that he attempted to serve defendant at 401 N. Michigan Avenue in Chicago 10 times between June 19 and July 11, 2018, at various times between 8:48 a.m. and 2:35 p.m. but was unsuccessful. Regarding his first attempt at service there, Mark attested as follows:

> "I was given a security pass and went up to the suite. This is a Regis office that is shared by several people. The receptionist for the Regis Office said that Kerry Jones and Hosanna Jones do have an office in the suite but they are not in at the moment. She was not sure when they would be back. She has no affiliation with them other than being the receptionist for the shared office space."

Mark further attested that in his nine subsequent attempts at service he was informed the space was a "virtual office" and defendant was not in.

¶ 10    On August 16, 2018, plaintiff filed a "Certificate of Publication" from the Chicago Daily Law Bulletin, which indicated that the publication notice regarding this foreclosure matter was published on July 27, August 3, and August 10, 2018.

¶ 11    As defendant had failed to file an appearance or answer in the matter, plaintiff moved for a default judgment and a judgment of foreclosure and sale, which were granted on October 18, 2018, by the circuit court. Pursuant to the judgment of foreclosure, the property was sold at a judicial sale on March 1, 2019. On April 9, 2019, the sale of the property was confirmed and an order granting immediate possession of the property was entered.

¶ 12    The following day, defendant (through counsel) filed an emergency motion to quash service by publication and vacate the order for immediate possession of the property. The circuit court entered a briefing schedule on the motion to quash service by publication and vacated its previous order for immediate possession.

¶ 13    In her motion to quash, defendant argued that there were no valid attempts to effectuate service of summons upon her home or respective workplace and that the affidavit for service by publication was not made in good faith. Specifically, she alleged she could have been found to reside on Drexel Boulevard in Chicago and that she could have been found had plaintiff conducted a diligent search. Defendant asserted that the Drexel Boulevard address could have been discovered as it was included in a 2015 mortgage foreclosure case where she was named as a defendant (Geauga Savings Bank v. Hosanna Mahaley, No. 15-CH-14327 (Cir. Ct. Cook County)), her driving record, voter registration record, recent judgment of dissolution (Hosanna Jones v. Kerry Jones, No. 17-D-5728 (Cir. Ct. Cook County)), a quitclaim deed executed by Kerry Jones to defendant for the Drexel Boulevard property, and loan modification documentation she had submitted to plaintiff.

¶ 14    Defendant attached her own affidavit and numerous exhibits to the motion to quash. In her affidavit, defendant averred that she is now known as "Hosanna Mahaley" and that she was unaware of this mortgage foreclosure action until April 3, 2019, when the loan servicer informed her the subject property had been sold. According to defendant, she had been working with the loan servicer since December 2017 on a loan modification and had submitted a complete loan modification packet in November 2018. During this process she has submitted a "Uniform Borrower Assistance Form" which bears her Drexel Boulevard home address. She attested she has resided on Drexel Boulevard in Chicago since September 1, 2016, and has owned the property since February 2003. In addition, defendant stated she works from home as well as from "401 South [*sic*] Michigan Avenue, Suite 1200" since 2016.[2] Furthermore, defendant indicated that her address could have been ascertained from her marriage dissolution court file as well as the 2015 mortgage foreclosure court file. Lastly, defendant averred that at no time did anyone attempt to serve her at her home or work with the subject complaint and that "the attempt allegedly made to serve me as set forth in the Affidavit of Service(s) filed in this matter is disingenuous."

¶ 15    Attached as exhibits to her motion to quash were the following documents:[3] (1) the first page of the docket for case number 15-CH-14327, which indicated she was sued under the names "Hosanna Mahaley" and "Hosanna Mahaley Johnson" (It did not include an address for defendant.); (2) the judgment of dissolution of marriage between defendant and Kerry Jones (The judgment included the circuit court's finding that the parties owned real properties on Patricia Place in Calumet City, Downs Drive in Calumet City, Luella in Calumet City, the subject

_____

[2]Defendant does not contest that her work address is actually 401 *North* Michigan Avenue in Chicago.

[3]Exhibits B and D, which defendant identifies as her driving record and the "Uniform Borrower Assistance Form," are not included in the record on appeal.

property, and Memorial Drive in Calumet City. The judgment of dissolution did not indicate that defendant resided at the Drexel Boulevard property.); (3) a quitclaim deed for the Drexel Boulevard property from Kerry Jones to defendant executed on September 20, 2017, and recorded on October 3, 2018; and (4) the notice of motion for the entry of the order approving the sale for the subject property, indicating it was mailed to defendant at the subject property address.

¶ 16 In response, plaintiff argued that defendant's motion to quash service by publication should not be granted because it exercised due diligence and due inquiry in attempting to locate defendant prior to service by publication. Plaintiff initially observed that defendant's affidavit failed to comply with Illinois Supreme Court Rule 191(a) (eff. Jan. 4, 2013) because the documents attached to the affidavit were not sworn or certified copies. Plaintiff further argued that defendant failed to meet her burden to challenge service by publication where she failed to provide an affidavit that demonstrated upon due inquiry she could have been found. While defendant stated she resides on Drexel Boulevard and works on Michigan Avenue, service was attempted 10 times at defendant's work address. In regard to the Drexel Boulevard residence, plaintiff maintained that none of the documents provided by defendant demonstrated Drexel Boulevard was her residence at the time of service. Specifically, plaintiff observed that the loan modification application provided by defendant was dated September 9, 2018, several months after service by publication was completed on July 27, 2018.[4] Similarly, the quitclaim deed was recorded on October 3, 2018, again after service by publication was completed. Plaintiff noted that the judgment of dissolution (entered one day prior to the service by publication) did not include the Drexel Boulevard property.

---

[4]This document is not included in the record on appeal but there is no dispute between the parties that it was dated September 29, 2018.

¶ 17   Plaintiff also attached a copy of the complaint in the 15-CH-14327 case, which indicated it was filed against "Hosanna Mahaley a/k/a Hosanna Mahaley-Johnson" for failure to make payments associated with the Drexel Boulevard property. Plaintiff argued that the complaint did not include her name as listed in the present case—Hosanna Jones. Thus, plaintiff maintained that a search for "Hosanna Jones" in the circuit court docket system would not return a result for "Hosanna Mahaley." Plaintiff, however, noted that a review of the 15-CH-14327 case revealed that defendant averred she did not reside at the Drexel Boulevard property. On January 19, 2016, defendant filed a *pro se* appearance listing her address as Ring Road in Calumet City—an address where plaintiff had attempted to serve her in this case. A copy of this appearance was attached to plaintiff's response. In addition, plaintiff acknowledged that the record demonstrated defendant was served at the Drexel Boulevard address on October 16, 2015, via substitute service and thereafter defendant filed a motion to quash service specifically asserting that she did not reside at the Drexel Boulevard address. Accordingly, plaintiff asserted that defendant's reliance on the 2015 mortgage foreclosure case was insufficient to establish upon due inquiry she could have been found. Plaintiff attached a copy of this motion to quash and defendant's supporting affidavit to its response.

¶ 18   Regarding defendant's driver's license issued October 2017, which provides her address as the Drexel Boulevard property, plaintiff argued that the license was issued to "Hosanna Mahaley" and not "Hosanna Jones." In addition, plaintiff maintained that the date of issuance of the license is insufficient to establish her address because it was issued nine months before plaintiff attempted to serve defendant. Plaintiff further noted that its due diligence affidavit indicated that the driving records were searched and no additional addresses were found.

¶ 19   Lastly, plaintiff argued that it satisfied the requirements to serve defendant by

publication. Plaintiff contended it provided the required affidavits for service by publication and that the process servers attempted service at six separate addresses a total of 15 times. Moreover, the search of public information provided no additional addresses for defendant.

¶ 20    In reply, defendant submitted additional exhibits and argued that the affidavit of due diligence was refuted by this evidence. Specifically, defendant maintained that, contrary to the affidavit, the Illinois Secretary of State and voter registration databases were not searched by the special process server. Defendant observed that her driver's license bears the Drexel Boulevard address as does her voter registration card. Defendant further argued that in 2014 she filed bankruptcy and that case referenced the Drexel Boulevard address, but the process server did not check the bankruptcy filings. Defendant also attached utility bills in her name acquired during the time of attempted service. Defendant argued that these documents demonstrated that the statements made within the due diligence affidavit that a diligent search was conducted were false.

¶ 21    In regard to the judgment of dissolution, defendant contended that while the judgment of dissolution did not include the Drexel Boulevard address, the case file did contain the address and could have been discovered. Moreover, the judgment of dissolution provided that she would return to the use of her maiden name "Mahaley," and therefore the process server could have searched for her residence under this name. Defendant additionally argued that the social security database was not examined because a search of said database would have revealed that "Hosanna Jones and Hosanna Mahaley were the same individual."

¶ 22    Regarding the attempts of service at her workplace, defendant argued that no name was given for the receptionist the process server spoke to or how the process server knew that she was not in.

¶ 23     Defendant also attached affidavits of three of the tenants who resided in two units of the subject property. Defendant argued that these affidavits indicated the property was never abandoned and that no process server ever spoke with anyone at the property. Defendant additionally included as exhibits the 2015 mortgage foreclosure litigation docket sheet; two different driver's licenses with the Drexel Boulevard address in the name of "Hosanna Mahaley Jones" (issued October 4, 2017) and "Hosanna Mahaley" (issued September 24, 2018); voter registration records indicating she was registered to vote at the Drexel Boulevard address until April 4, 2019, and a voter registration application that included a third driver's license number (different from the other two driver's licenses provided); a People's Gas bill for the Drexel Boulevard property in the name of "Hosanna Johnson" for service from June 27, 2018, through July 26, 2018; a ComEd bill for service June 29, 2018, through July 31, 2018, addressed to "Hosanna Jones" for the Drexel Boulevard property but sent to the Ring Road address; a City of Chicago water bill for service May 7, 2018, through July 9, 2018, for the Drexel Boulevard property but sent to "Hosanna Mahaley" at the Ring Road address; a copy of a social security card issued on March 21, 2019, in the name "Hosanna Mahaley" and sent to the Drexel Boulevard address; and a special warranty deed for the Drexel Boulevard property recorded March 7, 2003, transferring it to "Hosanna Mahaley." No affidavit accompanied the reply.

¶ 24     Plaintiff was granted leave to file a surreply in which it argued that the documents attached to the reply were inadmissible and could not be considered by the court. Plaintiff observed that none of these documents were attached to a proper Rule 191(a) affidavit and no foundation was laid for the documents and therefore the documents are hearsay and thus inadmissible.

¶ 25     Regarding the new documents attached to defendant's reply, plaintiff argued that, even if

considered, they did not serve to refute the due diligence affidavit. Specifically, plaintiff argued that the driver's licenses provided by defendant are under the name "Hosanna Mahaley" not "Hosanna Jones," the name of defendant in the current action and the name under which she executed the subject loan documents. The voter registration information provided states that she was a registered voter and said registration was cancelled on April 4, 2019. The gas bill for the Drexel Boulevard property dated July 27, 2018, is in the name "Hosanna Johnson." The ComEd bill showing service from June 29, 2018, through July 31, 2018, is addressed to "Hosanna Jones" but was mailed to the Ring Road address. Plaintiff also observed that the ComEd bill demonstrated "very little by way of charges in May, June, and July, the months in question, and a massive spike in electricity for August." The water bill for the Drexel Boulevard property is also in a different name, "Hosanna Mahaley" and was mailed to Ring Road. The document from the Social Security Administration is also irrelevant because it was a card applied for in March 2019, months after the service attempts and is addressed to "Hosanna Mahaley." Plaintiff concluded that none of the documents demonstrated that she resided at the Drexel Boulevard address during the service period or that plaintiff did not conduct a diligent search or due inquiry into her location.

¶ 26    On July 16, 2019, the circuit court conducted a hearing on the motion to quash and a record of proceedings was included in the record on appeal. After considering the arguments of the parties, the circuit court denied the motion and defendant's request for an evidentiary hearing. Based on its review of the motion, the submissions of the parties, the various exhibits including the affidavit and the exhibits attached to all pleadings, the circuit court found, as a preliminary matter, that the affidavits that were attached were deficient under Rule 191(a) and the documents attached thereto were not authenticated and therefore were not properly before the

court. Regardless, the circuit court, as a court of equity, considered the unauthenticated documents and determined that defendant failed to present a significant issue with regard to the truthfulness of the affidavits submitted by plaintiff's process servers.

¶ 27     This appeal followed.

¶ 28                                ANALYSIS

¶ 29     On appeal, defendant contends *pro se* that the circuit court erred when it denied her motion to quash service by publication where her documentary evidence and affidavits demonstrated that the affidavits of plaintiff's process servers lacked veracity. Accordingly, defendant requests we grant her motion to quash and find the orders entered in the underlying foreclosure matter void. In the alternative, defendant asserts that the circuit court committed reversible error when it failed to conduct an evidentiary hearing. It should be noted that the defendant did not file a reply brief before this court. For the following reasons, we affirm.

¶ 30     Prior to addressing the legal issues in this case, we turn to an issue with the supplemental record filed by defendant before this court on February 28, 2020. Although defendant had obtained an order from this court granting her request to file a supplemental record, a subsequent review of this record reveals that defendant was disingenuous in her representation as to one of the documents contained therein. Specifically, defendant requested to file "the records from Clear-Thomson-Reuters (as referenced in the Affidavit of Plaintiff's Process Server), the company utilized by Plaintiff-Appellant's Process Server, to be included and filed as a Supplement to the Record on Appeal. See Affidavit of Mark Skrzydlak[.]" The document filed in the supplemental record, however, was not the Clear-Thomson-Reuters report utilized by plaintiff's process server, but one requested by defendant and received by her on October 4, 2019. As the motion to quash was denied in July 2019, defendant's Clear-Thomson-Reuters

report was never part of the circuit court record and was thus never examined by the circuit court. Accordingly, we will not consider this document on appeal and strike it from the appellate record. See *Kildeer-Countryside School District No. 96 v. Board of Trustees of the Teachers' Retirement System*, 2012 IL App (4th) 110843, ¶ 21.

¶ 31     We also seriously doubt that the Village of Dolton certificate of rental occupancy for the subject property (which was included by defendant in the supplemental record) was before the circuit court. First, defendant does not mention the certificate of rental occupancy in her reply, plaintiff does not address it in its surreply, and the document was not discussed at the hearing on the motion to quash. Second, in her motion to supplement the record on appeal, defendant asserts that the certificate of rental occupancy was included as part of "Exhibit V" to her reply. A review of the reply reveals that the exact contents of "Exhibit V" are not listed, only that it contains an electric bill. Regardless of whether the certificate of rental occupancy was presented to the circuit court, based on the record before us, we find any argument on appeal related to the certificate of rental occupancy to be forfeited. See *Olson v. Williams All Seasons Co.*, 2012 IL App (2d) 110818, ¶ 41 ("An appellant who fails to raise an issue in the circuit court forfeits that issue on appeal.").

¶ 32     We now commence our examination of the legal merits of the case by addressing our standard of review. Where, as here, the circuit court's denial of a motion to quash service is based on documentary evidence only, our review on appeal is *de novo* (*Aurora Loan Services, LLC v. Kmiecik*, 2013 IL App (1st) 121700, ¶ 15); thus, we need not rely on the circuit court's reasoning in denying the motion to quash. Indeed, we may affirm the circuit court on any basis that appears on the record. *Banco Popular North America v. Gizynski*, 2015 IL App (1st) 142871, ¶ 37 ("We may affirm on any basis appearing in the record, whether or not the trial court

relied on that basis or its reasoning was correct."). Based on our review of the record, service by publication was proper and, therefore, the circuit court had personal jurisdiction over defendant when it entered the judgment of foreclosure and the order confirming the sale.

¶ 33    It is well established that, "[t]o enter a valid judgment, a court must have both jurisdiction over the subject matter and jurisdiction over the parties." *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. A judgment entered without jurisdiction over the parties is void and may be challenged at any time. *Id.* "Personal jurisdiction may be established either by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction." *Id.* ¶ 18.

¶ 34    "Service of process serves the dual purposes of protecting a defendant's right to due process by allowing proper notification and an opportunity to be heard ***." *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. "Failure to effect service as required by law deprives a court of jurisdiction over the person and any default judgment based on defective service is void." *Id.* "Specifically, a foreclosure judgment entered without service of process is void." *Id.*

¶ 35    Section 2-206(a) of the Code (735 ILCS 5/2-206(a) (West 2018)) allows a plaintiff to serve process on a defendant by publication in limited cases where the plaintiff has strictly complied with the requirements for such service. *Deutsche Bank National Trust Co. v. Brewer*, 2012 IL App (1st) 111213, ¶ 18. The section provides, in relevant part:

    "Whenever, in any action affecting property or status within the jurisdiction of the court, including an action to obtain the specific performance, reformation, or rescission of a contract for the conveyance of land, plaintiff or his or her attorney shall file, at the office of the clerk of the court in which the action is pending, an affidavit showing that the

defendant resides or has gone out of this State, or on due inquiry cannot be found, or is concealed within this State, so that process cannot be served upon him or her, and stating the place of residence of the defendant, if known, or that upon diligent inquiry his or her place of residence cannot be ascertained, the clerk shall cause publication to be made in some newspaper published in the county in which the action is pending." 735 ILCS 5/2-206(a) (West 2018).

¶ 36    The circuit court of Cook County has also adopted a local rule that further expands on the requirement for the affidavit, particularly in mortgage foreclosure matters:

"Pursuant to 735 ILCS 5/2-206(a), due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits for service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as circumstances permit prior to placing any service of summons by publication." Cook County Cir. Ct. R. 7.3 (Oct. 1, 1996).

¶ 37    "Although the Code contemplates service by publication, our court long ago recognized that such service is 'an extraordinary means of serving notice—one unknown at common law' and that, from the perspective of the person to be notified, it is the 'least satisfactory method' of giving notice and 'often it is no notice at all.' " *Karbowski*, 2014 IL App (1st) 130112, ¶ 13 (quoting *Public Taxi Service, Inc. v. Ayrton*, 15 Ill. App. 3d 706, 713 (1973)). Therefore, a party defending notice by publication must demonstrate strict compliance with every requirement of the statute, including due diligence and due inquiry. *BankUnited v. Velcich*, 2015 IL App (1st)

132070, ¶ 30. "[T]hese statutory prerequisites are not intended as *pro forma* or useless phrases requiring mere perfunctory performance but, on the contrary, require an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit." *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 476 (2006). Accordingly, before a plaintiff can conduct service by publication, the plaintiff must present an affidavit stating a defendant cannot be located based on a diligent inquiry in ascertaining the defendant's residence and a due inquiry in ascertaining the defendant's whereabouts. *Citimortgage, Inc. v. Cotton*, 2012 IL App (1st) 102438, ¶ 18.

¶ 38      A defendant may challenge the plaintiff's affidavit by filing an affidavit setting forth that upon due inquiry, he or she could have been found. *Id.* The plaintiff may respond to the defendant's attestation either by successfully questioning the conclusory nature of the defendant's challenge or by producing evidence demonstrating in fact that the plaintiff made due inquiry to locate the defendant so that process could be served upon him. *Id.*

> "If the defendant is able to present a significant issue with respect to the truthfulness of the affidavit filed by the plaintiff's agent for service by publication, then the trial court should hold an evidentiary hearing on the issue with the burden of proof being upon the plaintiff to establish that due inquiry was made to locate the defendant." *Id.* (citing *First Federal Savings & Loan Ass'n of Chicago v. Brown*, 74 Ill. App. 3d 901, 907-08 (1979)).

¶ 39                                          Rule 191(a)

¶ 40      In the case at bar, defendant argues that plaintiff failed to establish that it had conducted either due inquiry or due diligence, noting that plaintiff made no attempt to serve her at her Drexel Boulevard address despite this address appearing in her 2015 mortgage foreclosure case, the marriage dissolution proceedings, the utility bills attached to her reply, her voter registration

records, and her driver's licenses.

¶ 41 In response, plaintiff renews its argument before the circuit court that defendant's affidavit is insufficient under Rule 191(a) and thus no foundation has been laid for these documents and they are not properly authenticated.

¶ 42 We generally agree with plaintiff. Rule 191(a) provides, *inter alia*, that affidavits submitted in connection with a motion to contest jurisdiction over the person, as provided by section 2-301 of the Code (735 ILCS 5/2-301 (West 2018)), *shall* be made on the personal knowledge of the affiants; set forth with particularity the facts upon which the claim, counterclaim, or defense is based; *have attached thereto sworn or certified copies of all documents upon which the affiant relies*; consist of facts admissible in evidence, not conclusions; and affirmatively show that the affiant, if sworn as a witness, can testify competently thereto. Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013); see also *La Salle National Bank of Chicago v. Akande*, 235 Ill. App. 3d 53, 61 (1992); *Robidoux v. Oliphant*, 201 Ill. 2d 324, 339 (2002) (the plain language of Rule 191(a) "clearly requires" that sworn or certified copies of all papers upon which the affiant relies upon must "be attached to the affidavit" and that failure to do so renders the affidavit insufficient under that rule).

¶ 43 Here, without the attestation that the documents attached to defendant's pleadings are sworn or certified copies, the circuit court was limited in its ability to determine whether it was "presented with valid evidentiary facts upon which to base a decision." (Internal quotation marks omitted.) *Robidoux*, 201 Ill. 2d at 336. We acknowledge, however, that some of the documents (the judgment of dissolution and the voter registration information) were certified copies. In addition, we can take judicial notice of our circuit court dockets, which, in this case, would include the 2015 mortgage foreclosure litigation. Moreover, certain documents attached were

within defendant's personal knowledge, and if called to testify, she would likely have been able to provide the sufficient foundation for their admission (*i.e.*, her driver's licenses). Accordingly, we decline to affirm the judgment of the circuit court solely based on defendant's failure to comply with Rule 191(a).

¶ 44                    Due Diligence and Inquiry

¶ 45    Even considering the documents attached to defendant's motion and reply, we agree with the circuit court's determination that plaintiff has established due diligence and inquiry into defendant's whereabouts. In this case, plaintiff's process servers went to six different addresses and made 15 attempts to serve defendant. See *Velcich*, 2015 IL App (1st) 132070, ¶ 33 (finding the plaintiff demonstrated diligent inquiry where the process servers made 14 attempts at service upon the defendant at five different addresses). Ten of those attempts were made at defendant's admitted place of business. While defendant maintains that the process server's affidavit was insufficient where he did not obtain the name of the receptionist he spoke with and merely accepted the statement that it was a "virtual office," we cannot agree that this serves to undermine his diligent efforts in attempting service at this location. See *id.* We further note that defendant's argument is speculative where defendant did not produce a counteraffidavit of the receptionist indicating that these service attempts were not made and her own counteraffidavit setting forth the times when she could have been found at her workplace. See *People ex rel. Waller v. Harrison*, 348 Ill. App. 3d 976, 981-82 (2004) (under section 2-206 of the Code "courts require a defendant challenging service to file a counteraffidavit stating that upon reasonable inquiry he or she could have been found"). Indeed, defendant merely attests that she "work[s] out of [her] home at the address of 401 South [*sic*] Michigan, Suite 1200, Chicago, Illinois. I have worked out of this address since 2016."

¶ 46    The process server also attempted service at the subject property address where she spoke with two tenants and examined the names on the mailboxes. This inquiry revealed that defendant did not reside there. While defendant presented affidavits of three of the tenants in the building who attested that they were never approached by a process server, those three tenants resided in two out of the four units of the subject property. Thus, it is possible that the process server spoke with the other tenants and not those who provided the affidavits. Consequently, defendant's tenant affidavits do not call into question the attestations of the process server.

¶ 47    Plaintiff's process servers also went to addresses on Ring Road, Luella Avenue, and 901 N. Michigan Avenue. Ring Road was determined to be a post office, the 901 N. Michigan Avenue address turned out to not exist, and the Luella Avenue address was found to be owned by defendant, but the tenant did not know where to locate defendant.

¶ 48    After attempting service at these six locations, plaintiff had its process server execute the local rule 7.3 affidavit (as detailed in the facts section above). According to the process server, his search revealed defendant's last known address as being that of the subject property. The local rule 7.3 affidavit went on to indicate that the process server performed a search of the Clear-Thomson-Reuters private database that "utilizes thousands of different public records databases and other resources" and no other addresses than those where service was attempted were found to be associated with defendant. Our case law is clear that a search for defendant need only consist of a "well-directed effort to ascertain the whereabouts of defendant by inquiry 'as full as circumstances permit.' " *JPMorgan Chase Bank, National Ass'n v. Ivanov*, 2014 IL App (1st) 133553, ¶ 50 (quoting *Bank of New York*, 369 Ill. App. 3d at 476). Such an effort was put forth in this case.

¶ 49    Defendant argues, however, that plaintiff failed to establish that it had conducted either

due inquiry or due diligence, pointing to the fact that she could have been found at the Drexel Boulevard address and served there. Specifically, plaintiff points to the evidence she presented to the circuit court (divorce proceedings, utility bills, driver's licenses, voter registration, and loan modification application) as demonstrating her Drexel Boulevard residence. She further notes that plaintiff should have known she also goes by "Hosanna Mahaley" and that a search under that name would have revealed the Drexel Boulevard residence.

¶ 50    Here, we cannot find that plaintiff engaged in a "casual, routine, or spiritless" effort to comply with the statutory requirements. *Bank of New York*, 369 Ill. App. 3d at 476. Plaintiff's local rule 7.3 affidavit provided that the process server searched for defendant by her name as listed on the mortgage documents, "Hosanna Jones." Defendant offers no evidence or case law to support her position that the process server should have searched for her under a name other than the one listed in the complaint and attached exhibits.[5] Indeed, although the judgment of dissolution does indicate that defendant was granted leave to change her name to "Hosanna Mahaley," the certification stamp on the document is dated July 26, 2018. The process server's section 2-206 and local rule 7.3 affidavits are dated July 20, 2018. Accordingly, the judgment of dissolution does not serve to establish defendant's name was anything other than "Hosanna Jones" at the time service was attempted.

¶ 51    The utility bills also do not serve to undermine plaintiff's diligence in service of process. The People's Gas bill was in the name of "Hosanna Johnson" not "Hosanna Jones." The ComEd and the City of Chicago water bills were sent to defendant under two different names ("Hosanna Mahaley" and "Hosanna Jones") at the Ring Road address—where service of process was attempted. The fact that defendant had her bills mailed to Ring Road indicates she was not

---

[5]We further observe that the judgment of dissolution of marriage included in the record does not contain a judge's signature and stamp.

receiving this mail at the Drexel Boulevard address.

¶ 52    The loan modification application, social security card, and the quitclaim deed as relied upon by defendant similarly fail to demonstrate she could have been found at the Drexel Boulevard address. A review of these documents reveals that they are dated after service of process was attempted and therefore were not discoverable by the process server when he executed the affidavits. Accordingly, they are irrelevant to our analysis.

¶ 53    Defendant's driver's licenses do indicate that her address is at Drexel Boulevard. However, the license in effect at the time of service of process was in the name of "Hosanna Mahaley Jones." As indicated by the process server, a search of possible driver's licenses under the name "Hosanna Jones" revealed "no recent viable new address outside of attempted addresses." As previously discussed, we cannot say that the process server lacked the required diligence in his search of defendant where he utilized the defendant's name as it appears in the complaint and supporting exhibits.

¶ 54    Regarding defendant's voter registration information, we agree with the circuit court that the fact the driver's license number associated with the registration does not match either of the driver's licenses provided by defendant raises more questions than answers. Regardless, the voter registration information is under "Hosanna Jones" for the Drexel Boulevard address and was in effect at the time of service of process. Defendant argues that this document refutes the process server's affidavit where the process server had averred that he searched possible voter registrations and no recent viable new address outside of the attempted addresses were found. We decline to find that this presents a "*significant* issue with respect to the truthfulness of the affidavit." (Emphasis added.) *Cotton*, 2012 IL App (1st) 102438, ¶ 18. The process server here attested to a wide search for defendant and visited six different properties looking for defendant.

¶ 55    Nonetheless, defendant relies too heavily on the driver's license evidence and thereby misconstrues the legal standard for service by publication—"where plaintiff resided at the time of service is not at issue, rather whether plaintiff diligently attempted to serve defendant is the issue." *TCF National Bank v. Richards*, 2016 IL App (1st) 152083, ¶ 34. The law "does not require a specific number of attempts or unduly exhaustive efforts to locate the whereabouts of a defendant" prior to service by publication. *Ivanov*, 2014 IL App (1st) 133553, ¶ 55. Indeed, service by publication will only be overturned where plaintiff's efforts to discover a defendant's whereabouts are "casual, routine, or spiritless." (Internal quotation marks omitted.) *Neighborhood Lending Services, Inc. v. Griffin*, 2018 IL App (1st) 162855, ¶ 21. As previously discussed, plaintiff has demonstrated the diligence required under section 2-206 and local rule 7.3.

¶ 56    In sum, the question here is whether plaintiff diligently attempted to find defendant and serve her personally. See 735 ILCS 5/2-206(a) (West 2018). Our review of the record demonstrates that plaintiff made "an honest and well-directed effort to ascertain the whereabouts of a defendant by inquiry as full as circumstances permit[ted]." *Bank of New York*, 369 Ill. App. 3d at 476. After 15 attempts of service at six different addresses—including 10 attempts at defendant's office where she admits she could have been found—plaintiff served defendant by publication. These were not casual, routine, or spiritless attempts, and we thus conclude that the circuit court properly denied the motion to quash service by publication.

¶ 57                          Evidentiary Hearing

¶ 58    In addition, defendant asserts the circuit court should have conducted an evidentiary hearing on her motion to quash. As previously discussed, however, an evidentiary hearing is warranted only "[i]f the defendant is able to present a significant issue with respect to the

truthfulness of the affidavit filed by the plaintiff's agent for service by publication." *Cotton*, 2012 IL App (1st) 102438, ¶ 18 (citing *Brown*, 74 Ill. App. 3d at 907-08). Defendant here has failed to present a significant issue with respect to the truthfulness of plaintiff's affidavits, and thus, the circuit court did not err in declining to conduct an evidentiary hearing.

¶ 59                                    CONCLUSION

¶ 60     For the reasons set forth above, the judgment of the circuit court of Cook County is affirmed.

¶ 61     Affirmed.

---

**No. 1-19-1468**

---

| | |
|---|---|
| **Cite as:** | *Deephaven Mortgage LLC v. Jones*, 2020 IL App (1st) 191468 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 18-CH-7553; the Hon. Edward N. Robles, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Hosanna Jones, of Chicago, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Adam A. Price, of Codilis & Associates, P.C., of Burr Ridge, for appellee. |

---